### 75677. BASS v. THE STATE.
(365 SE2d 509)

BANKE, Presiding Judge.

Bass appeals his convictions of driving under the influence of alcohol and driving too fast for conditions.

While waiting at a red light, the arresting officer observed the headlights of the appellant's vehicle approaching rapidly from behind. Believing that the appellant was going to collide with him, the officer drove forward and to the right, while the appellant veered to the left, braking and coming to a stop in the intersection alongside the police vehicle. After inviting the appellant to pull to the side of the road and exit his vehicle, the officer observed him to be unsteady on his feet and detected a strong odor of alcohol on his breath. He then arrested the appellant for DUI, gave him the implied consent warning, transported him to the police station, and asked him to submit to an intoximeter test. Although the appellant did not expressly refuse to take the test, no intoximeter reading was obtained. The appellant maintained that he was unable to blow into the machine due to recent abdominal surgery, while the officer testified that the appellant made no attempt to blow into the machine. *Held*:

1. From the evidence presented, any rational trier of fact could reasonably have concluded beyond a reasonable doubt that the appellant was guilty as charged. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It is immaterial that no evidence was offered as to the actual speed the appellant's vehicle was traveling upon approaching the intersection. OCGA § 40-6-180 specifies that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions" and that "every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection. . . ." The evidence showing that both the officer and the appellant were forced to take evasive action to avoid a collision was sufficient to support the conclusion that the appellant was not operating his vehicle at a reasonable speed upon approaching the intersection. Likewise, the evidence that the appellant's speech was slurred, that he was unable to walk without assistance, that he smelled strongly of alcohol, and that he had admitted having consumed alcoholic beverages during the course of the evening in question was sufficient, in conjunction with the evidence concerning his

manner of driving, to support his conviction of driving under the influence. See *Collins v. State*, 177 Ga. App. 758 (2) (341 SE2d 288) (1986).

2. The appellant contends that the trial court erred in allowing the arresting officer to express the opinion that he (the appellant) had not blown into the intoximeter machine. The officer had been present when the intoximeter operator attempted to test the appellant; and, although not certified himself, he testified that he had observed this particular machine in use approximately 600 times. Based on his observations and experience, he then testified that in his opinion the appellant was not supplying the machine with air.

"To qualify as an expert, generally all that is required is that a person must have been educated in a particular skill or profession; his special knowledge may be derived from experience as well as study." *Bowden v. State*, 239 Ga. 821, 826 (238 SE2d 905) (1977). See also OCGA § 24-9-67. We hold that the state established a sufficient foundation to enable the witness to offer an opinion with respect to the limited issue under consideration, with any deficiencies in his training going to the weight to be afforded his testimony rather than its admissibility.

3. The appellant contends that the trial court erred in charging the jury on the rebuttable presumptions set forth in OCGA § 40-6-392 (b). However, it appears that the appellant's counsel waived the right to raise this issue on appeal by responding in the negative when asked, at the conclusion of the charge, whether there were any objections thereto. See *Wadley v. State*, 257 Ga. 280, 281 (357 SE2d 588) (1987).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 28, 1988.

*John R. Calhoun*, for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly D. Rowden, Assistant District Attorney*, for appellee.