## A89A0622. SHEPHARD v. THE STATE.
### (383 SE2d 182)

POPE, Judge.

Defendant Renaldo Shephard appeals his conviction of possession of cocaine on the ground the circumstantial evidence presented at trial is insufficient to warrant his conviction. We affirm.

The record shows two officers wearing plain clothes and driving an unmarked car entered the apartment complex where defendant was arrested. They saw defendant and two other men in an area near one of the buildings. Defendant was standing apart from the other two in a gravel lot. When defendant saw the officers drive by he dropped something onto the ground. After they passed he picked the object up again and started to walk off. When he saw that the officers were returning, he dropped the object in a low hedge of bushes beside the building and walked away. The two officers got out of their car and one talked to the defendant while the other looked in the bushes where she retrieved a potato chip bag containing ten small packets of a white powdery substance which later tested to be cocaine weighing 2.2 grams. The officer testified no other trash was found near the bushes. The officer who retrieved the potato chip bag was the passenger in the unmarked car and testified she never took her eyes off the defendant while she and her partner drove past the defendant, turned around, drove back and got out of the car to investigate. Defendant testified at trial and denied having possession of the potato chip bag or placing it in the bushes.

Defendant correctly argues that mere presence at the place where contraband is found is insufficient to warrant a conviction. However, more than mere presence was shown in this case. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be

consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "This does not mean that the [S]tate must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence. [Cit.] The yardstick by which we determine what in a given case is a reasonable hypothesis, [cit.], is in the first instance a question for the jury. [Cit.] Thus, except where the guilty verdict is unsupportable as a matter of law, this court will not substitute its judgment as to what is a reasonable hypothesis for that of the jury or the trial court. [Cit.]" *Robinson v. State*, 168 Ga. App. 569, 571 (309 SE2d 845) (1983). "Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly instructed. [Cit.] The conflicting evidence in this case was presented to the jury and the jury resolved that conflict adversely to the appellant. There being support for that determination by the jury we will not disturb the jury's verdict on that ground." *Barfield v. State*, 160 Ga. App. 228, 231 (286 SE2d 516) (1981).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 5, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, Patricia G. Higginbotham*, Assistant District Attorneys, for appellee.