## A90A0395. NORTON v. THE STATE.
### (395 SE2d 34)

BIRDSONG, Judge.

Norton appeals from his convictions for possession of alprazolam, hydromorphone, marijuana, and tetracaine in violation of the Georgia Controlled Substances Act. He was sentenced to serve 15 years confinement. The sole error asserted is that the trial court erred by admitting evidence that Norton on a prior occasion possessed approximately one pound of cocaine because Norton contended there was insufficient evidence showing that Norton possessed the cocaine. *Held*:

The offenses of which Norton was convicted arise from a search conducted of Norton's mother's home and surrounding property on March 26 and 27, 1988, by the Chattooga County Sheriff's Department. On the first day, they seized currency from Norton's bedroom and a large amount of currency from the trunk of an inoperable vehicle in the west side of the yard. The currency seized totaled $59,614.85.

Deputies secured the area overnight and continued the search the next day. Then, in various locations in the yard and woods surrounding the house, they found the drugs giving rise to the charges. The hydromorphone was hidden in a coffee can under pine needles about 50 feet behind the house. Some marijuana was hidden under camouflage cloth near the hydromorphone and the alprazolam was found among some bags hidden on top of the tires of an inoperative vehicle on the east side of the house. The tetracaine was under a piece of metal about forty feet in front of the house. More marijuana was buried about five feet from a path leading to the Nortons' yard, and a bottle of marijuana seeds was found in the trunk of an inoperable vehicle on the west side of the driveway in front of the house.

The similar transaction evidence was testimony about searches conducted of the same property on January 20 and February 5, 1987. The testimony showed that on January 20 deputies searched the same house and in Norton's bedroom found six packs of rubber bands, three boxes of baggies, one box of powdered sugar, two spoons, and a plastic bag with a residue of cocaine, a plastic container of marijuana seeds, and $73,422 in cash. Norton was arrested and was still in jail when the property was searched again on February 5.

In that search the deputies found in the woods in front of the house a gym bag containing a set of scales, three bottles of a white

powder, and 49 plastic bags containing 451 grams of almost pure cocaine. There was testimony that the powder was a substance frequently used to adulterate cocaine and that the items seized on January 20 were typical of paraphernalia used to cut and bag cocaine, there was also testimony that there was a pathway from the gym bag to the house. There was no direct evidence linking Norton to any of the items found outside of the house.

Norton contends that the independent crime evidence was not admissible because it failed to satisfy the first condition for admissibility of such evidence set out in *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515): "First, there must be evidence that the defendant was in fact the perpetrator of the independent crime . . . and the offense charged. . . ." Norton asserts that this condition fails because the cocaine was not found on his mother's property, there was no direct evidence he possessed it, and he was in jail at the time the cocaine was found.

Possession can be proven by circumstantial as well as direct evidence. See *Shephard v. State*, 191 Ga. App. 802, 803 (383 SE2d 182). Thus, the question becomes whether the trial court correctly found the circumstantial evidence was sufficient to prove that Norton possessed the items seized outside the house on February 5, 1987, as well as the items seized on March 26, 1988. Trial courts are vested with wide discretion in admitting evidence and will not be reversed in the absence of an abuse of discretion. *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360); *Flowers v. State*, 191 Ga. App. 396, 398 (381 SE2d 768). Considering the large sums of cash, the drug paraphernalia, the manner in which the items seized were hidden around and near the house, as well as in Norton's bedroom, we are satisfied that there was sufficient circumstantial evidence to prove that Norton possessed the drugs (see OCGA § 24-4-6; *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662)), that the conditions for admitting this evidence were met (see *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40); *State v. Johnson*, 246 Ga. 654 (272 SE2d 321); *Hamilton v. State*, supra), and that the trial court did not abuse its discretion in admitting this evidence. *Crews v. State*, 185 Ga. App. 494, 495 (364 SE2d 625).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED May 25, 1990.

*Cook & Palmour, Bobby Lee Cook, Westbrook & Vines, Carlton H. Vines*, for appellant.

*Ralph Van Pelt, Jr., District Attorney*, for appellee.