## A93A1537. MOON v. THE STATE.
(439 SE2d 714)

BEASLEY, Presiding Judge.

In a bench trial, appellant was found guilty of driving without a license, driving without insurance, and driving under the influence of alcohol in violation of OCGA § 40-6-391 (a). His motion for new trial was denied.

The sole witness at trial was a Georgia State Patrol trooper. He testified that at approximately 11:20 on Christmas night 1992, he received a radio call about a single-car accident on Highway 156. When the trooper arrived at the scene, he found a blue Ford pickup truck in a ditch on the south side of the road, but there was no one in the car. He did find some papers in the truck with appellant's name, and an empty wine bottle was found next to the driver's seat.

The officer had gotten a description from the police dispatcher of the driver, which had been given by a witness to the accident. Accordingly, the officer immediately started looking, in the direction towards which he understood the person had started walking, for a white six-foot slim male, in his early thirties, wearing black pants and a black shirt. He did not find him along the road so he went back. After talking to a man at the house closest to the accident, he went to the scene and found defendant, who was in the back seat of a car which had arrived in the interim. He fit the description, was intoxicated, admitted he had been driving, and never said he was not intoxicated when he was driving. Instead, he said, "you didn't see me driving, and I'm not taking no test." In the trooper's opinion, appellant was less safe to drive as a result of his state of intoxication.

1. Appellant enumerates as error the trial court's admission of his statement that he had been driving the truck, on the ground that the trooper did not read his *Miranda* rights. Appellant made the incrimi-

nating statement in response to the trooper's question regarding whether appellant would take a breath test. The admission of the statement was not error, because the question was not reasonably likely to elicit the incriminating response from appellant. See *Williams v. State*, 178 Ga. App. 581 (10) (344 SE2d 247) (1986).

2. In two enumerations of error, appellant contends that the State failed to prove that he had been in control of a motor vehicle and that he was intoxicated at the time that he was in control of a motor vehicle. "A conviction for driving or being in actual physical control of a moving vehicle while under the influence of intoxicants may be based on circumstantial evidence. The circumstantial evidence need not exclude every hypothesis save that of guilt, but only reasonable hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. [Cits.]" *Melendy v. State*, 202 Ga. App. 638 (1) (415 SE2d 62) (1992).

There is evidence that appellant was driving the car, based on his admission that he was driving. There is also evidence that appellant was intoxicated at the time he encountered the trooper around 11:30 p.m. It is a reasonable inference that a short time passed between the time defendant drove the pickup truck into the ditch and the time the officer found the defendant in the condition described above, given the events. It is also a reasonable inference that defendant did not acquire that condition in the time between his leaving the truck and his return. See *Stephens v. State*, 127 Ga. App. 416 (193 SE2d 870) (1972) (officer observed defendant forty-five minutes after accident and blood sample taken approximately one hour after accident).

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Andrews, Johnson and Smith, JJ., concur. Cooper and Blackburn, JJ., dissent.*

COOPER, Judge, dissenting.

I dissent because I disagree with the majority's conclusion that the evidence permits the inference that appellant was driving while intoxicated. There is evidence that appellant was driving the car based on his admission. There is also evidence that appellant was intoxicated at the time that he encountered the trooper at approximately 11:30 p.m. However, there is no evidence as to what time the truck ran into the ditch, how long the truck had been there when the trooper was dispatched to the scene or the time span over which appellant consumed alcohol. Upon arriving at the scene, the trooper did not ascertain whether the engine of the car was warm and stated that he only guessed that the truck had veered into the ditch a short time earlier. In my opinion this evidence is insufficient as a matter of law to authorize the inference that appellant was driving while intoxicated. *Groom v. State*, 187 Ga. App. 398 (2) (370 SE2d 643) (1988);

*Wilcher v. State*, 124 Ga. App. 534 (184 SE2d 505) (1971). The majority also draws an unfavorable inference from the fact that appellant failed to state that he was not intoxicated while driving. This seems to be an impermissible inference arising from appellant's absolute right to remain silent. See *Howard v. State*, 237 Ga. 471, 474 (228 SE2d 860) (1976). Because I believe that appellant's conviction for driving under the influence was not supported by the evidence, I respectfully dissent.

I am authorized to state that Judge Blackburn joins in this dissent.

DECIDED DECEMBER 2, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993.

*Chance, Maddox & Smith, David K. Smith*, for appellant.
*Thomas J. Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.