## A93A2007. MARSH v. THE STATE.
(440 SE2d 478)

POPE, Chief Judge.

Following a bench trial, defendant was convicted of driving while under the influence of alcohol to the extent that it was less safe for him to drive. OCGA § 40-6-391 (a).

Viewing the evidence in the light most favorable to the verdict, it appears that Officer Darrin Reifert came upon a truck parked in the right-hand lane of a street about 10:00 one night. There were no warning lights, and the driver apparently had not even attempted to pull off to the side of the road, even though there was plenty of room to do so. After waiting for five to ten minutes, Reifert saw defendant walk up to the truck with a gas can in his hand. Defendant explained that he had run out of gas and had walked up to a gas station, less than a quarter of a mile away. Defendant had a strong odor of alcohol on his breath, his speech was extremely slurred, he was unable to keep his balance, and he fumbled with his keys and with the cap to the gas can for five to ten minutes before he was finally able to get the gas in the truck. When Reifert asked defendant if he had been drinking, defendant first evaded the question and then said, "Cut me a break; I was just driving to my girlfriend's house." When Reifert persisted, defendant eventually told him he had not consumed any alcohol for two hours prior to their encounter. Defendant failed two field sobriety tests, and an alco-sensor test showed the presence of alcohol. Reifert felt the hood of the car and it was warm, even though it was a March night. Based on his experience and observations of defendant's speech and actions, Reifert opined that defendant's motor skills were impaired and that he was a less safe driver, and this opinion was concurred in by two other officers who saw defendant shortly after his arrest.

Defendant argues that the evidence that he was actually driving the truck while intoxicated was purely circumstantial and insufficient to exclude every reasonable hypothesis except that of guilt beyond a reasonable doubt. See *Groom v. State*, 187 Ga. App. 398 (370 SE2d 643) (1988). Unlike *Groom*, however, there is substantial evidence in this case that defendant's ability to drive had been affected by alcohol at the time of his arrest. The fact that he was the driver of the truck was established by the absence of anyone else, his possession of the keys, and his own statement that he was driving to his girl friend's house. Furthermore, the reasonable possibility that he was not under the influence at the time he left the truck to get the gas was excluded by the degree of his intoxication, the warmth of the hood on a March night, and defendant's statement that he had not consumed any alcohol for two hours. This evidence was sufficient to allow the trial court to conclude that defendant was guilty of driving under the influence beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 5, 1994 —
RECONSIDERATION DENIED JANUARY 27, 1994.

*Spruell & Dubuc, Brian M. Dubuc*, for appellant.
*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Aurieanne Sneed, Assistant Solicitors*, for appellee.