## A97A2489. HEATH v. THE STATE.
### (493 SE2d 225)

ANDREWS, Chief Judge.

Anthony William Heath was found guilty in a bench trial of driving while under the influence of alcohol to the extent that he was a less safe driver. OCGA § 40-6-391 (a) (1). On appeal, he claims the evidence was insufficient to support the conviction.

A police officer testified for the State that he was dispatched to investigate a traffic accident. The officer's investigation revealed that Heath collided with the rear of a car that had stopped in his lane of traffic behind another car making a left turn. The force of the impact caused the car struck by Heath to lurch forward and strike the rear of the left-turning car. The impact was sufficient to cause injury to people in all three cars, including Heath and his passenger who was thrown into the windshield. The officer observed that there were no skid marks on the road, indicating that Heath had not applied his brakes prior to impact. The accident occurred on a clear evening on dry pavement. The officer testified that there were no defects of any

kind in the road and that the brake lights on the cars stopped in front of Heath were functioning. He also testified that the road at the location of the accident was straight with a clear view for approaching vehicles of several hundred yards.

The officer testified that he saw Heath and his passenger being transported by ambulance to a hospital emergency room when he arrived at the scene of the accident. At the emergency room, the officer observed that Heath had a strong odor of alcohol about his person and on his breath. The officer also observed that he was belligerent, cursed at the emergency room staff, and had to be physically restrained. Although a blood sample was taken from Heath at the hospital and tested for alcohol content, the trial court refused to admit the test results into evidence because the State failed to lay a proper foundation for admission.

Heath argues that, although there was evidence that he had consumed alcohol prior to driving the car in the accident, the evidence was not sufficient to prove he was under the influence of alcohol to the extent that he was a less safe driver.

There was evidence that Heath was taken to the hospital emergency room after the accident and that at the emergency room, the officer saw him exhibiting signs of intoxication in that he had a strong odor of alcohol and was acting in a belligerent manner. *McFarland v. State*, 210 Ga. App. 426, 427 (436 SE2d 541) (1993); *Bass v. State*, 185 Ga. App. 666 (365 SE2d 509) (1988); *Johnson v. State*, 170 Ga. App. 433, 436 (317 SE2d 213) (1984). In addition to signs of intoxication, evidence of the accident showed that despite good driving conditions, Heath slammed with great force into the rear of a clearly visible car stopped in his lane of traffic without applying his brakes.

"Evidence as to the manner of driving . . . may be taken into account where there is evidence that the defendant has been drinking, for the purpose of determining whether or not his manner of driving shows him to have been affected by the intoxicant to the extent that he drives less safely and carefully than he might otherwise have done. . . ." (Citation and punctuation omitted.) *Collins v. State*, 177 Ga. App. 758, 759 (341 SE2d 288) (1986). In the present case, there is evidence authorizing a reasonable inference that only a short time passed between the time of the accident and the time the officer observed Heath in the emergency room exhibiting signs of intoxication. *Moon v. State*, 211 Ga. App. 559, 560 (439 SE2d 714) (1993). The manner in which the accident occurred, i.e., Heath's failure to apply brakes prior to the collision, also supports a reasonable inference that, as a result of alcohol consumption, Heath was not as alert or physically capable and was a less safe driver. *Marsh v. State*, 211 Ga. App. 751, 752 (440 SE2d 478) (1994). It was not necessary for

the officer to give his opinion that Heath was a less safe driver "as the court, the trier of fact, could form its own opinion based on the indicia pointing to it." *In the Interest of C. P. M.*, 213 Ga. App. 761, 762 (446 SE2d 242) (1994). The case of *Groom v. State*, 187 Ga. App. 398 (370 SE2d 643) (1988), relied upon by Heath is distinguishable. In *Groom*, there was evidence that the defendant drove a car involved in an accident after he had consumed alcohol, but there was no additional evidence from which the trier of fact could infer that the defendant was under the influence of alcohol to the extent that he was a less safe driver.

Where the evidence is circumstantial, it must be sufficient to exclude every reasonable hypothesis except that of guilt. *Duggan v. State*, 225 Ga. App. 291, 293 (483 SE2d 373) (1997). Heath offered no alternative explanation for his condition at the hospital after the accident or for his failure to apply brakes prior to colliding with the car in his path. Id. Accordingly, we find the evidence was both sufficient to exclude every reasonable hypothesis save that of guilt and to support the conclusion that Heath was guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 29, 1997.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor*, for appellee.