## A99A1932. GOODSON v. THE STATE.
(529 SE2d 175)

SMITH, Judge.

After a bench trial, Frederick Don Goodson was convicted of DUI by being in actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to do so. OCGA § 40-6-391 (a) (1). Goodson's motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Goodson contends the verdict was against the weight of the evidence. But "[t]he weight of the evidence is a matter for consideration in the trial court, not this court, which considers the sufficiency of the evidence. [Cit.]" *Ellis v. State*, 211 Ga. App. 605, 612 (11) (440 SE2d 235) (1994).

2. Goodson also contends the trial court erred in failing to grant

his motion for a directed verdict of acquittal. But

> the trial court could not have directed a verdict of acquittal because there is no verdict in a bench trial. Therefore, even if a motion for a directed verdict was made, such a motion has no meaning when a case is tried without a jury. . . . [T]he issue is whether the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Jones v. State*, 226 Ga. App. 608, 609 (487 SE2d 89) (1997).

3. Goodson in effect challenges the sufficiency of the evidence by contending in his third enumeration of error that "the State failed to prove the corpus delicti of the crime of driving under the influence of alcohol." We therefore consider the sufficiency of the evidence.

A DeKalb County police officer was called by Avondale Estates police officers to the scene of a one-car accident at the intersection of Mountain Drive and Covington Highway. He found Goodson and his vehicle, which was parked off the roadway behind a building. Goodson stated to the officer that he had been driving on Mountain Drive when he lost control on a curve. According to the officer, Goodson stated that he hit a curb, went up over a grassy area, and came to a stop on Covington Highway. The officer found car tracks in the grass and on the roadway leading from the highway to the parking lot.

In speaking with Goodson, the officer noticed that his eyes were bloodshot and that he smelled of alcohol, and he asked Goodson to take some field sobriety tests. Goodson registered positive on the portable alco-sensor test and displayed all six of the criteria for the presence of alcohol under the horizontal gaze nystagmus (HGN) test. His speech was slurred, he became argumentative, and he refused to take any additional field sobriety tests. The officer testified that Goodson's score on the HGN test indicated that there was enough alcohol in his blood to make him a less safe driver. He also testified that he was familiar from personal experience and training with people who have been drinking and that in his opinion Goodson was under the influence of alcohol. Based on his investigation, he concluded that Goodson was a less safe driver.

Goodson contends the arresting officer's testimony regarding his bloodshot eyes and the odor of alcohol on his breath was insufficient to sustain a conviction for DUI. But the officer also testified at length to Goodson's failure to pass field sobriety tests and to his opinion, based on his observations and experience, that Goodson was under the influence of alcohol to the extent that it was less safe for him to drive. "A police officer may give opinion testimony as to the state of

sobriety of a DUI suspect and whether appellant was under the influence to the extent it made him less safe to drive." (Citations and punctuation omitted.) *Tanner v. State*, 225 Ga. App. 702 (484 SE2d 766) (1997). This contention is without merit.

Goodson also contends that the evidence was insufficient both because the officer never saw him in control of the vehicle on the public highway and because no evidence was presented that he was under the influence of alcohol at the time he was driving. But Goodson admitted he was driving the car when he lost control on Mountain Drive and that he moved the car to the parking lot after the accident. His statement to the officer was corroborated by the tracks across the grass and the highway, as well as extensive damage to the tires of his car. The officer also testified that he knew the accident had occurred within three hours of his arrival on the scene because his department's normal response time to calls from the City of Avondale Estates is between five and seven minutes. He also testified that no one, including the defendant, ever told him that the accident happened a long time before his arrival.[1] The evidence was sufficient to allow the trier of fact to conclude that Goodson was intoxicated at the time he was in control of his car.

> A conviction for driving or being in actual physical control of a moving vehicle while under the influence of intoxicants may be based on circumstantial evidence. The circumstantial evidence need not exclude every hypothesis save that of guilt, but only reasonable hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. There is evidence that appellant was driving the car, based on his admission that he was driving. There is also evidence that appellant was intoxicated at the time he encountered the [police officer]. It is a reasonable inference that a short time passed between the time defendant drove . . . and the time the officer found the defendant in the condition described above, given the events.

(Citations and punctuation omitted.) *Moon v. State*, 211 Ga. App. 559, 560 (2) (439 SE2d 714) (1993); see also *Mattarochia v. State*, 200 Ga. App. 681, 682-683 (3) (409 SE2d 546) (1991). The circumstantial evidence was sufficient to enable a rational trier of fact to sustain Goodson's conviction. *Jackson v. Virginia*, supra.

---

[1] The trial court correctly noted, however, that the three-hour requirement applies only to those cases in which a DUI offense is proved by a measured blood alcohol concentration of 0.10 grams or more under OCGA § 40-6-391 (a) (5), while Goodson was charged under the less safe driver provisions of OCGA § 40-6-391 (a) (1).

4. As we understand his fourth enumeration of error, Goodson also contends the trial court erred in allowing the State to introduce evidence of the reading of his implied consent rights because the officer did not observe him operating a motor vehicle while under the influence of alcohol and because the vehicle was on private property when the officer arrived. As noted above, however, sufficient circumstantial evidence was presented at trial to support Goodson's conviction. Goodson cites no case law in support of his contention, and this evidence necessarily also shows that the arresting officer had "reasonable grounds to believe that the person ha[d] been driving or was in actual physical control of a moving motor vehicle upon the highways or elsewhere throughout this state in violation of Code Section 40-6-391 and the officer . . . arrested such person." OCGA § 40-5-67.1 (a).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 1, 2000.

*Louise T. Hornsby*, for appellant.

*Gwendolyn R. Keyes, Solicitor, David M. Zagoria, Thomas E. Csider, Assistant Solicitors*, for appellee.