A03A1110. STEPHENS COUNTY BOARD OF TAX ASSESSORS
v. SHIRLEY et al.
(589 SE2d 263)

PHIPPS, Judge.

The Stephens County Board of Tax Assessors appeals the trial court's award of attorney fees and costs to taxpayers who challenged the assessment on their improved real property. For reasons that follow, we reverse.

OCGA § 48-5-311 (g) (4) (B) (ii) provides for an award of attorney fees and costs to a taxpayer "[i]f the final determination of value on appeal" to superior court is "85 percent or less of the valuation set by the county board of equalization." The parties disagree about what value should be used to determine if attorney fees and costs may be awarded under this Code section. The Tax Assessors contend it should be the total value of the land and the improvements. The taxpayers contend it should be only the value of the land because that is the only portion of the assessment which they appealed.

In 2001, the Tax Assessors notified the taxpayers that they had increased the value of their real property for tax purposes from $124,000 to $202,500. This change in total value resulted from an increase in the value of the land, not an increase in the value of the improvements on the land, which remained at $46,000.

The taxpayers appealed to the Stephens County Board of Equalization pursuant to OCGA § 48-5-311 (e) and challenged only the valuation of their land. Their appeal specifically stated, "We do not question the value you have assessed the building." The Equalization Board issued a written finding and reduced the fair market value of the property to $153,300.

The taxpayers then appealed to the superior court and again stated the "current evaluation of only the land is the basis for my appeal." After the taxpayers appealed to superior court, the Equalization Board issued a "corrected notice" stating that the fair market value was $199,300, with the following explanation: "The land value was reduced to 153,300 due to a correction in the sq footage. The building value was erroneously left off the original decision by this Board."

During the jury trial in superior court, both parties acknowl-

edged that the appeal concerned only the value of the land, not the $46,000 assessment for the improvements. The jury, however, was asked to find a value for the entire property and placed it at $171,000. This amount is 85.8 percent of the Equalization Board's corrected total value of $199,300. If the undisputed value of the home is subtracted from the jury's verdict, the remaining amount is 81.5 percent of the Equalization Board's value for the land of $153,300.

The trial court awarded attorney fees and costs to the taxpayers, finding that "since the only issue presented to the jury (because of the stipulation by the parties as to the value of the improvements) was the value of the land, that is the value to be used in determining whether the verdict is less than 85% of the value found by the Board." Because this conclusion is not supported by the record, we must reverse.

First, the record does not show that a stipulation as to the value of the improvements was actually made by the parties, and the jury was never informed of any such stipulation before its deliberations or at any time during the trial. Second, the trial court instructed the jury, consistent with the verdict form, to determine "the fair market value of the property or parcel in question." It did not instruct the jury to find only the fair market value of the land alone or to separately value the land from the improvements. No special verdict form was requested or submitted to the jury. Third, one of the taxpayers testified that the county tax records erroneously listed her house as having five rooms instead of four, and three bedrooms instead of one bedroom with a sleeping loft. Thus, based on the charge of the court and the evidence submitted, the jury might have reduced the value of the house in addition to the value of the land when it arrived at a total fair market value for the property. Since the jury's value for the land cannot be extrapolated from its general verdict of $171,000, the trial court erred when it used the value of the land alone to award attorney fees.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 10, 2003 —
RECONSIDERATION DENIED OCTOBER 23, 2003

*Clifton, Sanders & Smith, Russell W. Smith*, for appellant.

*McClure, Ramsay, Dickerson & Escoe, Allan R. Ramsay, Larry L. Hicks II*, for appellees.