A04A1231. ABELSON v. THE STATE.
(604 SE2d 647)

RUFFIN, Presiding Judge.

Following a bench trial, the trial court found Brett Ashton Abelson guilty of driving under the influence of alcohol to the extent it was less safe for him to drive, driving with an unlawful alcohol concentration, driving with an unlawful alcohol concentration while under the age of 21, and driving too fast for conditions.[1] Abelson appeals, arguing that the evidence was insufficient to support his convictions. For the reasons that follow, we affirm in part, reverse in part, and remand for resentencing.

"The standard of review for an appeal from a criminal bench trial requires us to view the evidence in a light most favorable to support the trial court's judgment [and] determine whether [a] rational trier of fact could have found [the defendant guilty] beyond a reasonable doubt [of the crimes charged]."[2] So viewed, the evidence shows that on

---

[1] Abelson's enumerations of error do not include a challenge to his conviction for driving with an unlawful alcohol concentration while under the age of 21. To the extent Abelson tries to challenge this conviction through argument in his brief, this challenge fails. "[A] party cannot expand his enumerations of error through argument or citation in his brief." *Arnold v. State*, 253 Ga. App. 307, 308, n. 1 (560 SE2d 33) (2002).

[2] (Punctuation omitted.) *Lawrence v. State*, 257 Ga. App. 592 (571 SE2d 812) (2002).

June 19, 2002, Officer Ryan Wheeler of the Stone Mountain Park Police Department was dispatched to the scene of an automobile wreck. When he arrived, he saw Abelson standing behind a car that had a bent rear tire wheel. Wheeler noted a distinct odor of alcohol "in the air" and redness in Abelson's eyes. He also noted that Abelson "was slightly swayed but that's not unusual for someone who just had an accident." Another officer who responded to the scene testified that Abelson appeared disoriented, had bloodshot eyes, a strong odor of alcohol on his breath, and did not "seem to be too comfortable with standing." Officer Wheeler also observed skid marks measuring approximately 216 feet. And approximately ten feet from the car, officers found two partially empty bottles of alcohol in a bag containing prescription medication belonging to Abelson.

Abelson, who was 19 years old, admitted to Wheeler that he lost control of the car when he was "showing off for his girlfriend by driving fast." He also admitted consuming two and a half or three alcoholic drinks that night, although there is no indication in the record as to when he started drinking. After Abelson exhibited signs of intoxication in the walk and turn test and in the horizontal gaze nystagmus field sobriety test, Officer Wheeler placed him under arrest, read him the implied consent warning, and asked him to submit a breath sample.

Following the arrest, Officer Wheeler transported Abelson to the DeKalb County Sheriff's Office. Abelson subsequently performed a breath test on the Intoxilyzer 5000, which produced two breath samples registering 0.139 and 0.136 respectively. Abelson did not testify at trial.

The trial court found Abelson guilty of driving under the influence to the extent it was less safe for him to drive, driving with an unlawful alcohol concentration, driving with an unlawful alcohol concentration while under the age of 21, and driving too fast for conditions. For purposes of sentencing, the trial court merged all three alcohol convictions.

1. First, Abelson challenges the sufficiency of the evidence as to driving with an unlawful alcohol concentration, asserting that the State failed to prove that his alcohol concentration exceeded the legal limit within three hours after he ceased driving his car. We agree.

Georgia law provides, in relevant portion, that

[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual

physical control ended.[3]

We acknowledge, as the parties do, that "such offense may be proved by circumstantial evidence, which need not exclude every inference and hypothesis except guilt, but only those reasonable inferences and hypotheses."[4] Here, however, there simply is no circumstantial evidence in the record, such as a warm engine, leaking fluids, the engine still running, or any other indicia of a "fresh" accident scene, from which the trial court could reasonably conclude that Abelson's blood alcohol limit was 0.08 or higher within three hours of when he was driving, as required by OCGA § 40-6-391 (a) (5). Indeed, there is no indicia of recent operation of the car, as there has been in other cases involving per se DUI convictions on circumstantial evidence.[5] Accordingly, because the State failed to prove an essential element of OCGA § 40-6-391 (a) (5), we reverse Abelson's conviction as to this count.

2. Abelson also argues that the State failed to prove that he was under the influence of alcohol to the extent he was less safe to drive. Although we found the evidence insufficient to sustain a per se violation, the State's evidence was nonetheless adequate to support Abelson's conviction on the less safe charge.

OCGA § 40-6-391 (a) (1) does not contain the statutory three-hour time requirement set forth in OCGA § 40-6-391 (a) (5). Instead, this Code section provides that "[a] person shall not drive or be in actual physical control of [a] vehicle while . . . (1) [u]nder the influence of alcohol to the extent that it is less safe for the person to drive." Here, Abelson admitted that he wrecked his car while he was "showing off for his girlfriend by driving fast." And he was intoxicated when the police arrived at the scene. Given the evidence that Abelson's erratic driving caused the wreck, combined with the fact that he was intoxicated when police responded to the scene, a reasonable fact-finder could conclude that he was driving his car while under the influence of alcohol to the extent it was less safe for him to drive. Accordingly, Abelson's challenge to this conviction lacks merit.[6]

3. Finally, Abelson argues that the evidence was insufficient to support his conviction for driving too fast for conditions. Pursuant to OCGA § 40-6-180,

---

[3] OCGA § 40-6-391 (a) (5).

[4] *Jarriel v. State*, 255 Ga. App. 305, 306-307 (2) (565 SE2d 521) (2002).

[5] See, e.g., id. (driver was found passed out behind the wheel with engine running); *Goddard v. State*, 244 Ga. App. 730, 732 (1) (536 SE2d 160) (2000) (officer touched the hood of the car and found it was still warm).

[6] See *Goodson v. State*, 242 Ga. App. 167, 168-169 (3) (529 SE2d 175) (2000).

[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching and traversing a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

Abelson contends that the State provided no evidence of the legal speed limit where the wreck occurred or the rate at which Abelson was traveling, and thus cannot prove that he was driving too fast for conditions. We disagree.

"The manner and speed at which an automobile is being operated may be established by circumstantial evidence."[7] And here, although the State presented no evidence regarding the legal speed limit, there was evidence that while negotiating a curve, Abelson's car traveled off the roadway after leaving a 216-foot skid mark, that the rear tire wheel was considerably bent, and that Abelson admitted he was "showing off for his girlfriend by driving fast." Accordingly, there was sufficient circumstantial evidence to support a conviction for driving too fast for conditions.[8]

4. As noted above, for sentencing purposes, the trial court merged Abelson's convictions for driving under the influence to the extent it was less safe for him to drive and while under the age of 21 into his conviction for driving with an unlawful alcohol concentration. Because we reversed Abelson's conviction for driving with an unlawful alcohol concentration, we must remand for resentencing.

*Judgment affirmed in part and reversed in part. Case remanded for resentencing. Eldridge and Adams, JJ., concur.*

DECIDED SEPTEMBER 15, 2004.

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Courtney L. Johnson, Assistant Solicitor-General,* for appellee.

---

[7] *Thompson v. Hardy Chevrolet-Pontiac-Buick,* 203 Ga. App. 499, 503 (3) (417 SE2d 358) (1992).
[8] See id.; *Bass v. State,* 185 Ga. App. 666 (1) (365 SE2d 509) (1988).