A04A1607. STEPHENS v. THE STATE.
(610 SE2d 613)

BERNES, Judge.

Following a bench trial, appellant Robert Wayne Stephens was convicted of one count of driving under the influence ("DUI") — less safe driver (OCGA § 40-6-391 (a) (1)). Appellant challenges the sufficiency of the State's evidence, contending that his conviction was based upon circumstantial evidence which failed to exclude every other reasonable hypothesis except that of his guilt. For the reasons set forth below, we find appellant's claim of error to be without merit and affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Green v. State*, 244 Ga. App. 565 (1) (536 SE2d 240) (2000). We neither assess the credibility of the witnesses nor weigh the evidence, but instead determine only whether a rational trier of fact could have found each of the elements of the crime proven beyond a reasonable doubt. *Stearnes v. State*, 261 Ga. App. 522 (1) (583 SE2d 195) (2003).

So viewed, the jury was authorized to conclude that at approximately 7:46 p.m., November 17, 2002, an East Ellijay patrolman received an all-points police radio dispatch directing him to be on the lookout for a possible drunk driver in a grey Lexus sport utility vehicle, bearing Georgia license plate no. 17UY6. The patrolman spotted the vehicle "sitting half in [a] parking place and half in the driveway" of a Waffle King restaurant. The vehicle was running; its headlights were on; and appellant was sitting behind the steering wheel, "laid up against the window passed out." The patrolman observed what he believed to be fresh vomitus on the driver's side window. He knocked on the door and "hollered" at appellant to wake him up.

Appellant subsequently failed field sobriety tests administered to him on the scene by the patrolman and tested positive on an

alco-sensor for the presence of alcohol.[1] Appellant was placed under arrest, read his implied consent warning under OCGA § 40-5-67.1, and asked if he would submit to State-administered chemical testing. Appellant refused.

At trial, appellant testified that he became tired after taking a prescribed medication for anxiety and drove into the parking lot of the Waffle King where he then consumed six to ten ounces of wine and fell into a deep sleep. He denied drinking while driving or vomiting in his vehicle. He also testified that he "thought" he had parked in a parking slot.

" 'It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. [Cit.]' " *Phillips v. State*, 185 Ga. App. 54, 55 (1) (363 SE2d 283) (1987). It is likewise settled that to sustain a judgment of conviction, "the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." (Citation and punctuation omitted; emphasis in original.) *Johnson v. State*, 194 Ga. App. 501-502 (1) (391 SE2d 132) (1990).

Appellant was found passed out behind the steering wheel of a haphazardly parked vehicle with the engine running and the lights on. Appellant, who had apparently vomited, admitted driving after taking an anti-anxiety medication, failed field sobriety tests and refused to submit to State-administered chemical testing. "Although the officer did not see the car moving, he observed circumstances from which a jury could infer that appellant was in actual physical control of the car when it was moved to the location where the officer found it, and that appellant was intoxicated while moving it there." *Johnson v. State*, supra at 501, 502 (1); see also *Phillips v. State*, supra; *Stearnes v. State*, supra. Additionally, "the refusal to submit to a blood alcohol test . . . create[d] an inference that the test would reveal the presence of a prohibited substance and bears directly on the issue of the sufficiency of the evidence. [*Fairbanks v. State*, 244 Ga. App. 123, 124 (534 SE2d 529) (2000).]" *Stearnes v. State*, supra at 523 (1).

Appellant nevertheless contends that his testimony provided an alternative hypothesis or explanation of the evidence. However, "the reasonableness of that hypothesis [was] for the trier of fact to determine." *Perkins v. State*, 244 Ga. App. 412, 419 (535 SE2d 802) (2000). The trial court obviously rejected as unreasonable Stephens'

---

[1] "Alco-sensor testing is in the nature of a field sobriety test. Alco-sensor results are not used to establish blood alcohol content. Rather, the alco-sensor is used as an initial screening device to aid the police officer in determining probable cause to arrest a motorist suspected of driving under the influence of alcohol." (Citation and punctuation omitted.) *Schoolfield v. State*, 251 Ga. App. 52, 53, n. 3 (554 SE2d 181) (2001).

explanation of the evidence. *Childress v. State*, 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001); *Fuller v. State*, 166 Ga. App. 734, 735 (1) (305 SE2d 463) (1983). Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found appellant guilty beyond a reasonable doubt of driving while under the influence of alcohol — less safe driver. *Green v. State*, supra.

*Judgment affirmed. Ruffin, C. J., and Adams, J., concur.*

DECIDED FEBRUARY 15, 2005.

*David E. Ralston*, for appellant.
*Michael K. McKinney, Janet P. Clay*, for appellee.