## A05A1515. RABY v. THE STATE.
(618 SE2d 704)

BARNES, Judge.

Paul Raby appeals from his convictions of driving without a license and driving under the influence of alcohol to the extent he was a less safe driver, contending insufficient evidence supports them. For the reasons that follow, we affirm his driving under the influence (DUI) conviction and reverse his driving without a license conviction.

We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. *Sims v. State*, 226 Ga. App. 116 (1) (486 SE2d 365) (1997).

Viewed in that light, the evidence at trial established that on January 22, 2003, at 7:33 p.m., a sheriff's deputy was dispatched to the location of a single-car accident. Upon arrival, the deputy saw Raby's pickup truck protruding from a ditch at an angle, and Raby told him that he missed the driveway and ran into the ditch when he was coming home from work at his garage. The deputy detected the odor of an alcoholic beverage on Raby's breath and noticed that Raby's eyes were glazed. Raby admitted that he had "three to four beers" that evening. Because Raby claimed to be disabled, the deputy did not ask him to perform field sobriety tests. An alco-sensor test

revealed the presence of alcohol on Raby's breath. The deputy then contacted another deputy assigned to the DUI Task Force, who responded to the scene.

The second deputy observed that Raby was unsteady on his feet, his speech was slurred, and his eyes were glassy and bloodshot. After finding an empty beer can in the truck and concluding that Raby was under the influence of alcohol to the extent that it was less safe for him to drive, the second deputy arrested Raby for DUI.

1. In related enumerations of error, Raby contends that insufficient evidence supports his conviction for driving without a license because the stipulation of the parties to this effect was never submitted to the jury. While this court does not question that the parties agreed to a stipulation, the trial transcript gives no indication that the finder of fact, in this case the jury, was made aware of the stipulation. The record does not include any written documentation of the stipulation. Additionally, the oral announcement of the stipulation by the prosecutor — "we have a stipulation that Raby did not have a valid driver's license on the date indicated" — was made outside the jury's presence. While the judge did instruct the jury that the evidence they were to examine included "any stipulations," the jury was not made aware of the existence of the stipulation.

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U. S. 307, 318 (99 SC 2781, 61 LE2d 560) (1979). While parties may agree to stipulate facts in criminal cases, *Sanders v. State*, 252 Ga. App. 609, 613 (2) (556 SE2d 505) (2001), the trier of fact must be informed of the stipulated facts. *Stephens County Bd. of Tax Assessors v. Shirley*, 263 Ga. App. 743, 744 (589 SE2d 263) (2003) (stipulated evidence not considered by jury could not be used to support award of attorney fees). Because the State failed to present the stipulation to the trier of fact and there was no other evidence that Raby was driving without a license, insufficient evidence exists to sustain Raby's conviction for driving without a license. Our opinion in *Dryer v. State*, 205 Ga. App. 671 (423 SE2d 297) (1992), does not alter this result because there was no issue in *Dryer* as to whether the jury was informed of the stipulation.

2. Raby argues that insufficient evidence also supports his DUI conviction because the State submitted no evidence as to when he drove the vehicle and whether he was impaired at that time. It is well settled that circumstantial evidence can be used to prove

driving an automobile while intoxicated. *Stephens v. State*, 271 Ga. App. 634, 635 (610 SE2d 613) (2005). The circumstantial evidence "need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." (Citation and punctuation omitted; emphasis in original.) Id. In other words, the State need not exclude every possible hypothesis showing innocence, only reasonable hypotheses of innocence. *Shephard v. State*, 191 Ga. App. 802, 803 (383 SE2d 182) (1989). "Whether every reasonable hypothesis except that of guilt . . . has been excluded is a question for the jury where the jury is properly instructed." Id. In this case, the jury was properly instructed, and we find that its outcome is controlled by our decision in *Moon v. State*, 211 Ga. App. 559 (439 SE2d 714) (1993).

In *Moon*, a state trooper was dispatched to the scene of a single-car accident and found a truck in a ditch. No one was present, but the trooper found papers in the car with the appellant's name and an empty wine bottle next to the driver's seat. He started looking for the driver in the direction he understood the driver had begun walking. When the trooper did not find him, he returned to the scene of the accident and found the appellant in the back seat of another car that had arrived in his absence. The appellant was intoxicated, admitted he had been driving, and never said he was not intoxicated when he was driving. As in this case, the appellant asserted that insufficient circumstantial evidence supported his conviction. We affirmed his conviction and held:

> It is a reasonable inference that a short time passed between the time defendant drove the pickup truck into the ditch and the time the officer found the defendant in the condition described above, given the events. It is also a reasonable inference that defendant did not acquire that condition in the time between his leaving the truck and his return.

Id. at 560 (2). The facts in this case are stronger, because there is no evidence that Raby left the scene of the accident. As a result, sufficient evidence supports his conviction. Id. See also *Gilbert v. State*, 262 Ga. 840, 841 (1) (426 SE2d 155) (1993) (circumstantial evidence supported DUI conviction where defendant discovered at scene of accident in intoxicated state and admitted driving); *Goodson v. State*, 242 Ga. App. 167, 169 (3) (529 SE2d 175) (2000) (circumstantial evidence supported DUI conviction where defendant admitted driving and being in single-car accident, and was intoxicated when he encountered police).

*Judgment affirmed in part and reversed in part. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JULY 27, 2005.

*McCamy, Phillips, Tuggle & Fordham, Curtis A. Kleem,* for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney,* for appellee.