A05A0983. FURLOW v. THE STATE.
(623 SE2d 186)

RUFFIN, Chief Judge.

A jury found Christopher Furlow guilty of driving under the influence, two counts of child endangerment, and driving with a suspended license. On appeal, Furlow challenges the sufficiency of the evidence. He also contends that the trial court erred in charging the jury. For reasons that follow, we affirm in part and reverse in part.

1. On appeal from a criminal conviction, Furlow no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to the jury's verdict.[1] In so doing, we neither weigh the evidence nor assess witness credibility, but merely determine whether the evidence is sufficient to sustain the conviction.[2]

Viewed in this manner, the record reveals that around 7:00 a.m. on November 24, 2001, Trooper Jason Geddie saw a vehicle stopped on the shoulder of the interstate with a child sitting in the front passenger seat. As Geddie approached the car, he observed that the driver's seat was reclined, the driver was asleep, and a second child was asleep in the back seat. Geddie woke Furlow, who was in the driver's seat, to inquire if Furlow was having car trouble. While speaking to Furlow, Geddie "notice[d] a strong smell of alcohol on [Furlow's] breath."

Geddie obtained Furlow's driver's license, and he discovered that Furlow had been driving on a suspended license. Geddie asked Furlow to submit to a field alco-sensor test, which showed that Furlow had alcohol in his system. At that time, Geddie called for a deputy to

---

[1] See *Raby v. State*, 274 Ga. App. 665 (618 SE2d 704) (2005).
[2] See id.

assist with Furlow's two children, who were ages two and five. According to Geddie, he opted not to conduct other field sobriety tests due to the inclement weather.

Once the deputy arrived, Geddie looked closely at the front of Furlow's car and discovered "tree limbs and debris all over the front of [the] vehicle." Geddie also saw "a mud trail" leading from Furlow's car to the roadway, and he followed the trail to an area where it appeared Furlow had driven off the road and through a ditch before returning to the interstate. Geddie arrested Furlow for driving under the influence and read him the implied consent law. A subsequent blood test revealed that Furlow's blood alcohol content was 0.143 grams of alcohol per 100 milliliters of blood, which exceeds the legal limit.

Furlow was charged with driving under the influence "while his alcohol concentration was .08 grams or more within 3 hours after such driving ended," driving under the influence to the degree it was less safe to drive, two counts of child endangerment for driving with children in the car while under the influence of alcohol, and driving on a suspended license. At trial, Furlow testified that he drank two beers the evening of Friday, November 23, before leaving his house. According to Furlow, between 1:00 and 2:00 the next morning, he was driving with his children when his right front tire "blew out," causing him to veer off the road. Although Furlow attempted to change the tire, his jack broke. Furlow testified that he then retrieved snack food for the children and three or four sixteen-ounce beers from the trunk, which he then drank before falling asleep. The jury evidently did not believe Furlow, and they found him guilty of driving under the influence to the degree it was less safe, two counts of child endangerment, and driving with a suspended license.

On appeal, Furlow challenges the sufficiency of the evidence establishing that he was driving under the influence. Specifically, he argues that there is insufficient evidence regarding his manner of driving, which he contends is necessary to sustain his conviction. We disagree.

"It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence."[3] "In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference,

---

[3] (Punctuation omitted.) *Stephens v. State*, 271 Ga. App. 634, 635 (610 SE2d 613) (2005).

beyond a reasonable doubt, of guilt."[4] The jury must decide whether a particular hypothesis is reasonable.[5]

Here, the evidence, although circumstantial, is sufficient for a trier of fact to conclude that Furlow was driving under the influence to the degree it was less safe for him to drive. When Geddie encountered Furlow, he was sleeping behind the wheel with two young children in the car. At that time, his blood alcohol content was well over the legal limit.[6] Moreover, Furlow had clearly driven off the road at some point before Geddie discovered him. Under these circumstances, the jury was authorized to conclude that Furlow was driving his car while under the influence of alcohol to the degree it was less safe for him to do so.[7]

2. Furlow also contends that his conviction should be reversed due to the trial court's error in charging the jury. At the beginning of its charge, the trial judge read the accusation, which charged Furlow with two counts of child endangerment. The judge then instructed the jurors that he was going to provide the applicable law, but the court never charged the jury on child endangerment. Rather, the trial court mistakenly charged the jury that "a person under the age of 21 shall not drive or be in actual physical control of any moving vehicle while committing the offense of driving under the influence." The State concedes that this instruction was inapplicable and erroneous, but contends that the charge as a whole was sufficiently clear such that reversal is not required. We disagree.

Jury charges must embody correct statements of the law and, when taken as a whole, should not mislead a jury of ordinary intelligence.[8] When there is an error in a charge, we presume such error to be prejudicial unless the record shows it to be harmless.[9] In this case, we cannot find the court's error to be harmless. "The trial

---

[4] (Punctuation omitted; emphasis in original.) *Deering v. State*, 244 Ga. App. 30, 31-32 (1) (535 SE2d 4) (2000).

[5] See *Jarriel v. State*, 255 Ga. App. 305, 307 (2) (565 SE2d 521) (2002).

[6] See *Sullivan v. State*, 235 Ga. App. 768, 769-770 (510 SE2d 136) (1998) (blood alcohol content probative evidence in proving a less safe driver). Compare *Clay v. State*, 193 Ga. App. 377, 378 (2) (387 SE2d 644) (1989) (jury clearly rejected probative value of blood alcohol evidence based on defendant's expert testimony). Here, Furlow presented no evidence challenging the validity of the blood test. Moreover, Furlow's jury did not necessarily discount the blood test results. Although the jury acquitted Furlow of per se DUI, the State was unable to prove Furlow's blood alcohol content exceeded the legal limit within three hours of driving as required by OCGA § 40-6-391 (a) (5). The jury was nonetheless authorized to consider the blood test results in connection with the charge that Furlow was a less safe driver. See *Sullivan*, supra.

[7] See *Raby*, supra at 667 (2); *Abelson v. State*, 269 Ga. App. 596, 598 (2) (604 SE2d 647) (2004); *Jarriel*, supra.

[8] See *McGuire v. State*, 266 Ga. App. 673, 676 (1) (598 SE2d 55) (2004).

[9] See *Jones v. State*, 252 Ga. App. 332, 335 (2) (b) (556 SE2d 238) (2001).

judge must charge the jury on each crime specified in the indictment unless the evidence does not warrant a conviction of such crime, or unless the State has affirmatively withdrawn a crime or stricken it from the indictment."[10] Although the trial court read the accusation, which properly framed the issue to be tried, that court never provided the applicable law to jurors. "When a given instruction fails to provide the jury with the proper guidelines for determining guilt or innocence, it is clearly harmful and erroneous as a matter of law."[11] It follows that Furlow's convictions for child endangerment must be reversed.[12]

3. Finally, Furlow argues that the trial court erred in failing to define "under the influence" in its jury charge. Specifically, he cites *Wallace v. State*[13] for the principle that failing to define the term constitutes reversible error. However, Furlow misconstrues *Wallace*.

In *Wallace*, the trial court "charge[d] the jury that 'a person shall not drive or be in actual physical control of any moving vehicle while under the influence of alcohol.' "[14] The trial court in *Wallace* did not include the additional language that "under the influence" "meant that consumption of alcohol had rendered him a less safe driver."[15] In this case, however, the trial court charged the jury that "a person shall not drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that it is less safe for that person to drive." Thus, *Wallace* does not control. As the trial court properly charged the jury with respect to driving under the influence, this argument provides no basis for reversal.[16]

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 14, 2005.

*Mary Palumbo-Melton*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, John L. O'Dell, Assistant District Attorney*, for appellee.

---

[10] (Punctuation omitted.) *Chase v. State*, 277 Ga. 636, 639 (2) (592 SE2d 656) (2004).
[11] (Punctuation omitted.) Id.
[12] See id.; *Williams v. State*, 268 Ga. App. 384, 388-389 (2) (601 SE2d 833) (2004).
[13] 188 Ga. App. 77, 78-79 (3) (371 SE2d 914) (1988).
[14] (Punctuation omitted.) Id. at 78.
[15] Id. at 78-79.
[16] See *Drogan v. State*, 272 Ga. App. 645, 648-649 (3) (613 SE2d 195) (2005).