## A06A0595. NORTON v. THE STATE.
(640 SE2d 48)

RUFFIN, Chief Judge.
A jury found Kathryn Owen Norton guilty of driving under the influence of alcohol to the extent she was a less safe driver, driving under the influence of alcohol with an unlawful blood alcohol level, and failure to maintain a lane. On appeal, Norton contends that the trial court should have granted her motion for a directed verdict as the evidence was insufficient to support her convictions for driving under the influence. Because we find that the evidence was sufficient to sustain one of her driving under the influence convictions, we affirm her conviction but remand for resentencing.

On appeal, Norton no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the jury's verdict.[1] We do not weigh the evidence or determine witness credibility.[2] Viewed in this manner, the evidence shows that at approximately 2:30 a.m. on September 9, 2003, officers from the Hall County Sheriff's Department were dispatched to a one-vehicle collision. The driver had apparently lost control of the vehicle, crossed to the opposite side of the road, and struck an embankment. The back end of the vehicle was partially obstructing the roadway. Officer Michael Crook arrived at the scene at around 2:45 a.m. Twenty minutes later, another officer, James Harrod, joined Officer Crook at the scene. Officer Harrod subsequently found Norton lying on the side of the road less than half of a mile from the scene of the collision. Norton stated that she had lost control of her vehicle, driven into the embankment, and then left to seek help. She also told Officer Crook she had consumed two beers at 6:00 that evening. During their conversation, Officer Crook detected a strong odor of alcohol and noticed that Norton's eyes were watery and bloodshot. With Norton's consent, he conducted several field sobriety tests. During each test, Norton gave signs of being intoxicated. Officer Crook also administered a field alco-sensor test, which indicated that Norton had alcohol in her system. He then placed her under arrest and took her to the Hall County Detention

[1] See Raby v. State, 274 Ga. App. 665 (618 SE2d 704) (2005).
[2] See id.

Center where, at 4:12 a.m., he administered another test, the Intoxilyzer 5000. This test showed that Norton had a blood alcohol level of 0.135 grams of alcohol, which exceeds the legal limit.

Norton argues that the evidence was insufficient to support her conviction for driving under the influence with an unlawful blood alcohol content. We agree. A person is guilty of this offense if "[t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after . . . driving or being in actual physical control" of a vehicle.[3] Although driving under the influence may be proven by circumstantial evidence,[4] the State did not put forth sufficient evidence that Norton had driven her vehicle within three hours prior to the Intoxilyzer 5000 test being administered at 4:12 a.m.[5] Although officers were notified of the collision at 2:30 a.m., they did not know when the collision actually occurred. At a minimum, some evidence of a " 'fresh' accident scene" is required to show recent operation of the vehicle.[6] Evidence of a warm or running engine has been found sufficient to sustain convictions of per se violations in similar cases,[7] but no such evidence was presented here. The State thus failed to prove an essential element of the crime. Accordingly, we reverse Norton's conviction of driving under the influence with an unlawful blood alcohol content.

Norton next contends that the evidence is insufficient to support her conviction for driving under the influence to the degree she was a less safe driver. We disagree. The State may prove this offense "by evidence of (i) erratic driving behavior, (ii) failure to pass field sobriety tests, and (iii) the officer's own observations (such as smelling alcohol and observing strange behavior) and resulting opinion that [alcohol] made it less safe for the defendant to drive."[8] The evidence "need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt."[9] Deciding whether a particular hypothesis is reasonable is a question for the jury.[10]

---

[3] OCGA § 40-6-391 (a) (5).

[4] *Furlow v. State*, 276 Ga. App. 332, 333 (1) (623 SE2d 186) (2005).

[5] See *Abelson v. State*, 269 Ga. App. 596 (604 SE2d 647) (2004).

[6] Id. at 598 (1).

[7] See *Jarriel v. State*, 255 Ga. App. 305, 307 (2) (565 SE2d 521) (2002); *Goddard v. State*, 244 Ga. App. 730, 732 (1) (536 SE2d 160) (2000).

[8] (Punctuation omitted.) *Hendrix v. State*, 273 Ga. App. 792, 796 (3) (a) (616 SE2d 127) (2005).

[9] (Punctuation omitted; emphasis in original.) *Furlow*, supra at 333-334.

[10] Id. at 334.

The evidence in this case is sufficient to support Norton's less safe conviction.[11] Officer Harrod found Norton lying on the side of a road a short distance from her vehicle. She admitted that she had lost control of the vehicle and run into an embankment on the opposite side of the road. At the time the officer discovered her, Norton's blood alcohol level was well above the legal limit, which constitutes circumstantial evidence that she was a less safe driver.[12] She also smelled of alcohol and failed several field sobriety tests. It was for the jury to decide the reasonableness of the hypotheses that Norton drove off the road either before becoming intoxicated or because of road conditions.[13] And it is a reasonable inference that she did not consume alcohol between the time she left her vehicle and the time the officer found her.[14] Thus, the evidence was sufficient to authorize the jury to find that Norton had been driving while under the influence of alcohol to a degree that it was less safe for her to do so, and we affirm her conviction on this ground.[15]

As the trial judge merged the two driving under the influence convictions and sentenced Norton on the basis of her conviction for driving under the influence with an unlawful blood alcohol content, we remand for resentencing on her conviction for driving under the influence to the degree she was a less safe driver.[16]

*Judgment affirmed in part and reversed in part. Case remanded for resentencing. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 6, 2006.

*Summer & Summer, Daniel A. Summer,* for appellant.
*Larry A. Baldwin II, Solicitor-General,* for appellee.

---

[11] Id.
[12] See id. at n. 6.
[13] See *Yarbrough v. State,* 241 Ga. App. 777, 781 (4) (a) (527 SE2d 628) (2000).
[14] See *Moon v. State,* 211 Ga. App. 559, 560 (2) (439 SE2d 714) (1993).
[15] See *Ayers v. City of Atlanta,* 221 Ga. App. 381, 381-382 (1) (471 SE2d 240) (1996).
[16] See *Abelson,* supra at 599 (4).