### A91A0680. FOWLER v. THE STATE.
#### (408 SE2d 449)

POPE, Judge.

We affirm defendant Roy Lee Fowler's conviction for driving under the influence of alcohol.

1. The trial court did not err in admitting evidence of the result of the breath test administered to defendant on an Intoximeter Breath Analyzer 3000 machine. The officer who administered the test identified a copy of her certificate from the Department of Public Safety to operate the machine and it was admitted into evidence without objection. This certificate naming the type of machine on which defendant was tested was sufficient evidence that the machine was of a design specifically approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation, as required by OCGA § 40-6-392 (a) (1). See *Smitherman v. State*, 153 Ga. App. 322 (265 SE2d 119) (1980).

2. The trial court did not err in denying defendant's motion for new trial. Although newly discovered evidence was not enumerated as a ground in defendant's motion for new trial, he was allowed to argue this ground at the hearing on the motion. At trial, the arresting officer testified that upon stopping the defendant, he read to the defendant a statement of his statutory rights to an independent chemical test pursuant to OCGA § 40-6-392. The officer also testified he might have been recording his encounter with the defendant, but did not have the tape of the encounter with him at trial. At the hearing on defendant's motion for new trial, defendant presented in evidence a copy of a tape recording which he stated was produced to him by the officer in response to a subpoena issued after the trial. According to the transcript, the only audible words on the tape were, "[e]rasing some of the tape."

The result of a chemical analysis of a defendant's breath is admissible in a criminal proceeding only if defendant was duly advised of his statutory rights. See *State v. Johnston*, 160 Ga. App. 71 (286 SE2d 47) (1981). This prerequisite was satisfied in the case now before us, according to the arresting officer's testimony. Defendant presented as a witness the companion who was with him at the time he was arrested and yet no evidence was offered to dispute the officer's testimony that defendant was advised of his rights. Even if the tape recording in question were to cast doubt on the officer's testimony, it would not provide a ground for new trial because " 'a new

trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' *Emmett v. State*, 232 Ga. 110, 117 (205 SE2d 231) (1974). . . ." *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 25, 1991 —
RECONSIDERATION DISMISSED JULY 16, 1991 — 

*Franklin H. Thornton*, for appellant.
*Daniel W. Lee, Solicitor*, for appellee.