## A95A2692. WALSH v. THE STATE.
(469 SE2d 526)

RUFFIN, Judge.

Charles Walsh was convicted of driving under the influence (less safe driver) pursuant to OCGA § 40-6-391 (a) (1) and acquitted of driving under the influence (alcohol concentration of .10 grams) pursuant to OCGA § 40-6-391 (a) (4). For reasons which follow, we affirm.

1. In his first enumeration of error, Walsh asserts that the trial court erred in denying his plea of former jeopardy. Walsh argues that because his driver's license had previously been administratively suspended, under OCGA § 40-5-67.1, the State's prosecution for driving under the influence constituted double jeopardy.

We recently rejected this same argument in *Nolen v. State*, 218 Ga. App. 819 (463 SE2d 504) (1995). For the reasons explained in *Nolen*, we conclude that "the suspension of a driver's license at an administrative hearing is not punishment, nor is the hearing a prosecution, for the purposes of double jeopardy." Id. at 823. Thus, we find no error.

2. In three enumerations of error, Walsh asserts that the trial court erred in denying his motion in limine to exclude the results of his breath test. However, the jury "did not find [Walsh] guilty on the count of the accusation charging him with having an illegal blood alcohol level but expressly . . . found [him] guilty only on the count

charging him with being intoxicated to the extent that he was a less safe driver. Thus, even if the trial court erred in admitting evidence of his alcohol concentration level it was harmless error." *Jones v. State*, 200 Ga. App. 666 (2) (409 SE2d 251) (1991). See also *Gilbert v. State*, 262 Ga. 840 (3) (426 SE2d 155) (1993).

3. In his final enumeration of error, Walsh asserts that the trial court erred in denying his motion for a directed verdict because the State did not prove beyond a reasonable doubt that he was under the influence of alcohol at the time he was driving to the extent that it was less safe for him to drive.

"A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or not guilty." (Citation and punctuation omitted.) *Torrance v. State*, 217 Ga. App. 562, 563 (2) (458 SE2d 495) (1995). Furthermore, on appeal we must view the evidence in a light most favorable to the jury's verdict. Id. Under this standard, the evidence at trial showed that at approximately 3:00 one morning, a police officer noticed Walsh walking along the roadway. Because the temperature was in the low teens and Walsh was wearing shorts, the officer offered him a ride. Walsh accepted the offer and when he sat in the car, it became obvious to the officer that he had been drinking. The officer testified that Walsh had a "pretty strong" odor of alcohol on his breath, red eyes, a general demeanor consistent with someone who had been drinking, and that he hesitated when he talked, as though "[h]e had to think a little bit before he spoke." Walsh told the officer he was drinking with friends and that when they got into an argument, the friends forced him out of the car. The officer took Walsh to the sheriff's office to call a ride. Then, because he was suspicious of Walsh's story, the officer drove to the vicinity where he initially found Walsh to look for a car.

The officer found a car with its back end in a pasture fence. The officer determined that after leaving the road, the car travelled approximately 120 feet along the road shoulder, reentered the road, crossed back over the road centerline, then slid off the other side of the road before knocking down 21 feet of fence. On the floorboard of the car, the officer saw an empty bottle of malt liquor. Because he had not observed any other traffic on the road that evening, the officer concluded that the car was Walsh's and called the sheriff's office to bring Walsh to the car because he left the scene of an accident in which there was property damage. When a deputy at the sheriff's office patted Walsh down for weapons, Walsh gave the deputy his keys and admitted that the car was his. The deputy testified that Walsh smelled strongly of alcohol and slurred his speech.

Walsh testified that he did not consume any alcohol before the

accident. He stated that after the accident, he took a pint of cognac from the trunk of his car and drank the cognac as he walked down the road. He stated that when he finished the cognac, he threw the bottle in the woods, and that he had been walking approximately three and a half hours before the officer offered him a ride. Walsh stated that he told the officer the story about drinking with his friends because he was nervous and, having consumed the pint of cognac, did not want to be charged with driving under the influence.

" 'Driving an automobile while under the influence of alcohol may be shown by circumstantial evidence. [Cit.]' [Cit.]" *Schoicket v. State*, 211 Ga. App. 636, 637 (2) (440 SE2d 65) (1994). While in this case "there is conflicting evidence concerning whether [Walsh] had been drinking when the accident occurred, or, as [Walsh] contends, he only consumed alcohol *after* the accident while [walking down the road], there is sufficient evidence to support the jury's verdict that [Walsh] had been drinking prior to the accident. . . . Matters of witness credibility are within the purview of the jury. . . . The obligation to weigh the evidence and to determine witness credibility rests with the jury. This court considers only the sufficiency of the evidence." (Citations and punctuation omitted.) *Conner v. State*, 205 Ga. App. 564, 567-568 (5) (422 SE2d 872) (1992). We find sufficient evidence for a jury to find beyond a reasonable doubt that Walsh was intoxicated to the extent that it was less safe for him to drive. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Conner*, supra; *Schoicket*, supra.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 7, 1996.

*Randall W. Burton*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, Kathleen R. Johnson, Assistant District Attorney*, for appellee.