## A96A1978. MELVIN v. THE STATE.
(483 SE2d 146)

RUFFIN, Judge.

Kenneth Melvin appeals his convictions for hit and run and driving under the influence of alcohol. As to both charges, he claims that he was entitled to a directed verdict and that the evidence was insufficient to support a guilty verdict. For reasons which follow, we affirm in part and reverse in part.

"On appeal of a guilty verdict, the appellant no longer enjoys a presumption of innocence, for the [factfinder] has heard the evidence and judged its weight and the credibility of witnesses[.] [T]he evidence is construed so as to uphold the [factfinder's] verdict[.] . . ." *Winn v. State*, 215 Ga. App. 120 (1) (449 SE2d 667) (1994).

Viewed in the light most favorable to support the verdict, the evidence presented at Melvin's nonjury trial was as follows. On August 28, 1994, Melvin knocked on the door of Allison Lattie's apartment in

Wayne County, Georgia and asked to speak with her. Refusing to open the door, Lattie informed Melvin that she had obtained a restraining order against him and that the police were coming. Approximately one minute later, Lattie heard an engine crank and saw square headlights through her curtains that matched the shape of the headlights on Melvin's truck. Lattie then heard a "bam," stepped out into her apartment complex parking lot, and discovered that her rental car had been hit. Lattie testified that this incident took place about 9:00 p.m.

Around 9:30 p.m., Trooper J. M. Cunningham received a police radio dispatch regarding a "hit and run" at Lattie's apartment complex and describing Melvin's pickup truck. Cunningham soon learned that the truck had been located at a convenience store, where he proceeded and found several other officers and Melvin standing by a telephone booth. According to Cunningham, Melvin smelled of alcohol and his truck was scratched on the left rear quarter panel. Although Melvin initially denied driving the truck to the store, he did not identify any other driver and Cunningham could not locate anyone at the convenience store who might have driven Melvin's truck. Cunningham further testified that Melvin had the keys to the truck.

Cunningham arrested Melvin for driving under the influence and hit and run. He then took Melvin to Lattie's apartment complex, where they observed minor damage to her vehicle's right rear bumper. According to Lattie, Melvin and Cunningham arrived at her apartment approximately 30 minutes after Melvin first came to her door that evening. At 10:29 p.m., Melvin submitted to an intoximeter test, which measured his blood alcohol level at .19 grams.

At trial, Melvin did not deny that he was intoxicated when tested at 10:29 p.m. He claimed, however, that he did not drink any alcohol until after he arrived at the convenience store, when he was no longer driving. According to Melvin, he left Lattie's apartment complex and drove to the convenience store just before 9:00 p.m. There, he purportedly telephoned Lattie, drank almost a pint of 151 proof rum that he had with him, and telephoned a friend to pick him up from the convenience store. The police arrived while he was on the telephone with his friend.

1. Melvin contends that the trial court erroneously found him guilty of driving under the influence because the State presented no evidence that he was intoxicated while driving. We disagree.

To be guilty of the offense of driving under the influence of alcohol, one must be driving or in actual physical control of a moving vehicle while under the influence. *Johnson v. State*, 194 Ga. App. 501 (1) (391 SE2d 132) (1990). Driving an automobile while intoxicated may be shown by circumstantial evidence. Id.; *Walsh v. State*, 220 Ga. App. 514, 516 (3) (469 SE2d 526) (1996). In this case, although Mel-

vin initially denied driving his truck to the convenience store, he subsequently admitted to driving the vehicle. Within approximately 30 minutes of leaving Lattie's apartment, police located Melvin at the convenience store and noted an odor of alcohol about his person. Melvin's subsequent intoximeter test registered his blood alcohol level at .19 grams.

We conclude that from the circumstantial evidence presented, a rational factfinder could adjudge Melvin guilty of driving under the influence beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Although Melvin testified that he drank a pint of rum only *after* he arrived at the convenience store, the trier of fact was authorized to disbelieve this testimony. " 'Matters of witness credibility are within the purview of the [factfinder]. . . . The obligation to weigh the evidence and to determine witness credibility rests with the [factfinder]. This court considers only the sufficiency of the evidence.' [Cit.]" *Walsh*, supra at 516; see also *Conner v. State*, 205 Ga. App. 564 (5) (422 SE2d 872) (1992).

2. Melvin also claims that the evidence was insufficient to support his hit and run conviction. We agree.

Melvin was charged with and convicted of violating OCGA § 40-6-270. This section imposes certain duties on "[t]he driver of any vehicle involved in an accident resulting in injury to or the death of any person or *in damage to a vehicle which is driven or attended by any person.*" (Emphasis supplied.) OCGA § 40-6-270 (a). Compare OCGA § 40-6-271 ("Duty upon striking unattended vehicle"). As established by her testimony, Lattie was not driving or attending to her vehicle when it was hit in the apartment complex parking lot. Rather, she was in her apartment. Under the plain terms of the statute, the record does not support Melvin's conviction under OCGA § 40-6-270. Accordingly, his conviction for hit and run must be reversed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED MARCH 5, 1997.

*Grady W. Henry*, for appellant.
*Howard, Carswell & Bennett, Kenneth R. Carswell, Jasper W. Harvey*, for appellee.