## S01G1726. BALBOSA v. THE STATE.
### (571 SE2d 368)

THOMPSON, Justice.

Pedro Balbosa was indicted on two counts of aggravated assault and one count of making terroristic threats. He was tried by a judge without a jury, found guilty on all counts, and sentenced to 15 years in prison. The only reference to his waiver of his right to a jury trial came at the outset of the bench trial when the judge said: "It is my understanding from a previous announcement that the defendant waives his right to a trial by jury and agrees to a trial before the court." The record indicates that, in the presence of his client, Balbosa's attorney responded: "Yes, your Honor." At that time, Balbosa did not object to the proceedings or express any confusion about what was occurring, and even asked the trial court for a probated sentence before the court found him guilty: "If you can give me the strictest probation or community service there is, I'll be thankful."

In his motion for a new trial, Balbosa contended for the first time that he did not waive his right to a jury trial. At the conclusion of that hearing, the trial court denied Balbosa's motion and Balbosa appealed to the Court of Appeals.

In his sole enumeration of error, Balbosa contended he did not knowingly, voluntarily, intelligently, and personally waive his right to a jury trial. The Court of Appeals – in an unpublished opinion – held that the State failed to meet its burden of showing Balbosa had consented to a waiver, and that, therefore, the trial court erred in trying Balbosa without a jury. Nevertheless, the court held that that error was harmless beyond a reasonable doubt because the evidence against Balbosa was overwhelming.

We granted Balbosa's petition for a writ of certiorari and posed these questions:

1. Whether the Court of Appeals correctly decided that the

State did not meet its burden of proof with regard to Balbosa's waiver of his right to a jury trial; and,

2. Whether the Court of Appeals correctly applied a "harmless error" analysis.

The answer to the first question is "yes"; the answer to the second question is "no."

1. Because the right to a jury trial is a fundamental constitutional right, the burden is on the State to show that Balbosa made a knowing, intelligent and voluntary waiver of that right. *Jones v. State*, 212 Ga. App. 676 (442 SE2d 908) (1994). Here, the State failed to carry that burden because the State showed nothing more than a jury trial waiver by defense counsel in Balbosa's presence.[1] Such a waiver cannot suffice because, when counsel waives a jury trial in the presence of the defendant, the most that can be said is that the defendant voluntarily waived a jury. It remains to be seen whether that waiver was knowing and intelligent. See *Commonwealth v. Pavao*, 672 NE2d 531 (Mass. 1996). To ensure that Balbosa waived his right to a jury trial voluntarily, knowingly and intelligently, the trial court should have conducted a colloquy with Balbosa himself. *United States v. Duarte-Higareda*, 113 F3d 1000, 1003 (9th Cir. 1997).

2. We are of the opinion that a harmless error analysis cannot be applied to a jury trial waiver. Accord *United States v. Duarte-Higareda*, supra; see *Sullivan v. Louisiana*, 508 U. S. 275 (113 SC 2078, 124 LE2d 182) (1993). That is because the abridgement of the right to a jury trial is a "structural error" which affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U. S. 279, 310 (111 SC 1246, 113 LE2d 302) (1991); *United States v. Duarte-Higareda*, supra. After all, where a case is improperly tried before the court without a jury, "there is no opportunity meaningfully to assess the outcome that would have ensued in the absence of the error." *People v. Collins*, 27 P3d 726, 737 (Cal. 2001). Thus, as the court held in *Pavao*, supra at 535, "To allow harmless error analysis of this sort is inconsistent with the right to a jury trial altogether." This is only logical in light of the notion of jury nullification. To quote the *Pavao* court once again, "Surely if a defendant had asked for a jury trial and it had been denied him, a conviction could not be saved by [a harmless error] analysis. That is why we do not allow directed

---

[1] Although the record shows that the trial court referred to a "previous announcement" of a jury trial waiver, no transcript or reconstruction of that announcement can be found in the record. Thus, it cannot even be said that that announcement was made by Balbosa either.

576

verdicts of guilty." Id.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*William J. Mason,* for appellant.
*J. Gray Conger, District Attorney, Melvin Hyde, Michele C. Ivey, Assistant District Attorneys, Thurbert E. Baker, Attorney General,* for appellee.
*James C. Bonner, Jr.,* amicus curiae.