A03A0728. JERNIGAN v. THE STATE.
(579 SE2d 841)

PHIPPS, Judge.

Edward Jernigan was charged with driving under the influence of alcohol with an unlawful blood alcohol concentration, driving under the influence of alcohol to the extent that it was less safe to drive, and reckless driving. At a bench trial, the court found Jernigan guilty of the two DUI charges and not guilty of reckless driving. At sentencing, the court merged the less safe conviction into the per se DUI conviction. Jernigan appeals. He challenges the sufficiency of the evidence to show that he was intoxicated while he was driving, as opposed to afterward. Finding the evidence sufficient, we affirm.

The evidence showed that on March 9, 2002, at about 7:25 p.m., Cherokee County Sheriff's Deputies Burns and Hopkins were dispatched to the scene of a one-car accident on Interstate 75. It was a rainy day, and conditions were muddy. Jernigan's car had run into a ditch alongside the roadway. Emergency medical technicians had arrived on the scene and placed Jernigan in an ambulance before the police officers arrived. Although Jernigan had sustained no physical injuries, he was so inebriated that he was unable to walk and lost consciousness after being moved from the ambulance to a patrol car. After Jernigan regained consciousness, the officers read implied consent warnings to him and administered breath tests which registered blood alcohol concentrations of 0.173 and 0.191. Deputy Hopkins testified that tire marks on the road showed that Jernigan's car had been weaving in the emergency lane prior to leaving the roadway.

Jernigan testified that he ran off the road between 6:00 and 6:30 p.m. He maintained that he lost control of the car after it was hit by a gust of wind while he was putting the cap back on a soft drink he had

just finished. He claimed that after trying unsuccessfully to drive the car out of the ditch, he settled down to drink a pint of whiskey to relieve anguish he was experiencing as a result of his girlfriend's recent breakup with him and his parents' impending divorce. Jernigan testified that before drinking the whiskey, he tried to call his mother on his cell phone but was unable to do so because the phone was inoperable.

Jernigan's testimony was impeached by Deputy Hopkins, who testified that after arriving on the scene he overheard a fireman talking to Jernigan's mother on Jernigan's cell phone.

Under the circumstances, there was conflicting evidence concerning whether Jernigan's highly elevated blood alcohol content resulted from drinking before or after the accident.[1]

> [F]rom the circumstantial evidence presented, a rational factfinder could adjudge [Jernigan] guilty of driving under the influence beyond a reasonable doubt. [Cit.] Although [Jernigan] testified that he drank a pint of [whiskey] only *after* he [ran his car into the ditch], the trier of fact was authorized to disbelieve this testimony. " 'Matters of witness credibility are within the purview of the (factfinder). . . . The obligation to weigh the evidence and to determine witness credibility rests with the (factfinder). This court considers only the sufficiency of the evidence.' (Cit.)" [Cits.][2]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MARCH 19, 2003.

*Head, Thomas, Webb & Willis, Allison E. McCarthy*, for appellant.

*G. Channing Ruskell, Solicitor-General, Barry W. Hixson, Assistant Solicitor-General*, for appellee.

---

[1] See *Melvin v. State*, 225 Ga. App. 169, 170 (1) (483 SE2d 146) (1997); *Conner v. State*, 205 Ga. App. 564, 567 (5) (422 SE2d 872) (1992); compare *Krull v. State*, 211 Ga. App. 37, 38 (1) (438 SE2d 152) (1993).

[2] (Emphasis in original.) *Melvin v. State*, supra at 171.