A08A0622. DORRIS v. THE STATE.
(662 SE2d 804)

PHIPPS, Judge.

At a bench trial, Connie Ann Dorris was found guilty of driving under the influence of alcohol to the extent that it was less safe for her to drive and of driving with an unlawful blood-alcohol concentration. For sentencing purposes, the trial court merged the former conviction into the latter. Dorris appeals, challenging the sufficiency of the evidence to show that, while intoxicated, she had been operating a motor vehicle. Finding the circumstantial evidence adequate in that regard, we affirm.

On the evening in question, Josh Ogles, an off-duty Bartow County deputy sheriff, was working as a security guard at the Cartersville Medical Center. In response to a reported disturbance,

he went into the parking lot to find Dorris sitting in the driver's seat of her parked truck blowing the horn and yelling incoherently. According to Ogles, Dorris's truck was parked at about a 45 degree angle to the parking-space lines and was taking up two parking spaces. After asking Dorris to step out of the vehicle, Ogles concluded that she was under the influence of alcohol because she exuded a strong odor of an alcoholic beverage, her speech was slurred, and she had trouble standing. As a result, Ogles asked radio dispatch to send a uniformed patrol officer to the scene.

Officer Calvin Edwards responded to the call. After Dorris told Edwards that she had drunk about one and one-half pints of Jeagermeister, he arrested her for DUI. Edwards testified that he did not impound Dorris's truck, because it was parked in a lawful space on the private grounds of the hospital. Therefore, although no inventory search was required, Edwards nonetheless searched the truck to ensure that Dorris had not left in it any items of personal property that someone might steal. After Edwards arrested Dorris, he administered an intoxilyzer breath test that registered a blood-alcohol concentration of 0.198 and 0.199.

In her own defense, Dorris testified that at the time in question she was extremely upset as a result of having had a fight with her husband earlier that day. Dorris further testified that she had bought the Jeagermeister, as well as a six-pack of beer, at about 10:00 that night and then, over a period of about two hours, consumed all of the Jeagermeister and some of the beer after having driven her truck to the medical center. She claimed that she was in need of medical help and that her plan was to become so intoxicated that when she presented herself to emergency room personnel they would be unable to refuse her admission. She denied that she had consumed any alcohol before driving to the medical center or that she had driven her truck after arriving there. She claimed that she was legally parked in one parking space. In contradiction to Ogles's and Edwards's testimony that they had not observed any alcoholic beverage containers in the cab, bed, or vicinity of the truck, Dorris testified that Edwards and Ogles removed containers of beer and Jeagermeister from the cab of the truck and put them into the bed of the truck. Dorris testified without dispute that she was later diagnosed with and prescribed medication for bipolar disorder.

Although Dorris stipulated at trial to the intoxilyzer breath test results, she contends that the state did not prove that she had been driving her truck while she had that blood-alcohol concentration or that she had that blood-alcohol concentration within three hours of driving the truck.

Under OCGA § 40-6-391 (a) (5), the state was required to prove that Dorris drove or was in actual physical control of a moving

vehicle while her blood-alcohol content was 0.08 or greater at any time within three hours of driving the vehicle or being in control of it as a result of alcohol consumed before such driving or control ended.[1]

It is well settled, however, that driving a motor vehicle while intoxicated may be shown by circumstantial evidence; that, in order to sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except the guilt of the accused, but only reasonable inferences and hypotheses; and that it is for the trier of fact to decide whether a particular hypothesis is reasonable.[2]

Here, Ogles's testimony as to the irregular manner in which Dorris's truck was parked authorized the trial court to find that she had been driving the truck erratically. And Dorris's testimony that she had consumed the alcoholic beverages while sitting in the truck in the medical center parking lot was contradicted by the officers' testimony that no alcoholic beverage containers were found in or near the truck. The evidence, though circumstantial, was sufficient to authorize the trial court to find that Dorris had consumed the alcoholic beverages before she arrived at the medical center. The evidence further shows that Edwards wrote a Uniform Traffic Citation (UTC) charging Dorris with DUI at 12:59 a.m. The UTC indicates that, by that time, the intoxilyzer test showing that Dorris had a blood-alcohol concentration of 0.198 had been administered. Dorris testified that she had begun drinking at about 10:00 p.m. and drank for about two hours.

Although Dorris points to conflicts and inconsistencies in the officers' testimony, such matters were for the trier of fact to resolve.[3] On appeal from a criminal conviction, we view the evidence in the light most favorable to support the verdict and neither weigh the evidence nor assess witness credibility but merely determine whether the evidence is sufficient to meet the standard set forth in *Jackson v. Virginia*.[4] While in this case there is conflicting evidence concerning whether Dorris had been drinking before her driving ended, or, as she contends, only *after* her driving ended, there is sufficient circumstantial evidence to support the court's finding that Dorris had been drinking before rather than after driving,[5] and that

---

[1] See *Jarriel v. State*, 255 Ga. App. 305, 306 (2) (565 SE2d 521) (2002).

[2] *Furlow v. State*, 276 Ga. App. 332, 333-334 (1) (623 SE2d 186) (2005).

[3] *Lattimore v. State*, 282 Ga. App. 435, 436 (1) (638 SE2d 848) (2006).

[4] E.g., *Jarriel*, supra at 305 (1), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Walsh v. State*, 220 Ga. App. 514, 516 (3) (469 SE2d 526) (1996); see *Furlow*, supra; *Melvin v. State*, 225 Ga. App. 169, 170-171 (1) (483 SE2d 146) (1997); *Jenkins v. State*, 223 Ga. App. 446, 447 (1) (478 SE2d 143) (1996); *Moon v. State*, 211 Ga. App. 559, 560 (2) (439 SE2d 714) (1993); *Melendy v. State*, 202 Ga. App. 638 (1) (415 SE2d 62) (1992).

she had an unlawful blood-alcohol concentration within three hours after driving from alcohol consumed before such driving ended.[6]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 29, 2008.

*Lance T. McCoy*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

---

[6] See *Jarriel*, supra at 306-307.

