A11A1424. ALEXANDER v. THE STATE.
(714 SE2d 739)

MCFADDEN, Judge.

Robert Alexander appeals his conviction of terroristic threats and acts. Alexander argues that the trial court erred by conducting a bench trial when he had not knowingly waived his right to a jury trial. He also argues that the state failed to prove venue. As is well put in the brief of appellee, "The [s]tate has a duty to avoid frivolous arguments and to seek justice and does so here." The state concedes both points. Our review of the record confirms Alexander's contentions, and we therefore reverse.

Specifically, the state concedes that Alexander was entitled to a jury trial because his waiver of that right, made by his attorney at a calendar call when he was not present, was not knowing, intelligent and voluntary. See *Balbosa v. State*, 275 Ga. 574, 575 (1) (571 SE2d 368) (2002). Having reviewed the record, we agree with the state that there is no basis to find a proper waiver.

The state also concedes that it failed to prove venue because, although it proved that the incident occurred in the city of Milledgeville, there was no evidence that the city of Milledgeville is entirely within Baldwin County. Our review of the record confirms this. "[P]roving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue."

*Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002).
    For these reasons, Alexander's conviction must be reversed.
    *Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JULY 18, 2011.

*James W. P. Barnes*, for appellant.
*Fredric D. Bright, District Attorney, Reginald L. Bellury, Assistant District Attorney*, for appellee.