**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 20, 2013**

# In the Court of Appeals of Georgia

A13A0627. OVERCASH v. THE STATE.

MCFADDEN, Judge.

At a bench trial at which he represented himself, Ernest Arthur Overcash was convicted of speeding. He appeals the conviction, arguing that the record does not show that he voluntarily, knowingly, and intelligently waived his right to a jury trial. We agree and therefore reverse his conviction.

"Because the right to a jury trial is a fundamental constitutional right, the burden is on the [s]tate to show that [Overcash] made a knowing, intelligent and voluntary waiver of that right." *Balbosa v. State*, 275 Ga. 574, 575 (1) (571 SE2d 368) (2002) (citations omitted). The state argues that it has satisfied its burden by showing that Overcash indicated by check mark on the arraignment form a request for a nonjury trial. This document does not satisfy the state's burden. It is not clear

from this document that Overcash himself made the check mark, and it certainly is not clear that any waiver was knowing, intelligent and voluntary. Compare id. at 575 (1) ("To ensure that [defendant] waived his right to a jury trial voluntarily, knowingly and intelligently, the trial court should have conducted a colloquy with [defendant] himself.") (citation omitted); *Jones v. State*, 294 Ga. App. 169, 169-170 (1) (670 SE2d 104) (2008) (written pleading filed by attorney requesting nonjury trial insufficient in absence of any extrinsic evidence).

A harmless-error analysis cannot be applied to the issue of a waiver of the right to a jury trial. *Balbosa*, 275 Ga. at 575-576 (2). We therefore reverse Overcash's conviction. *Ealey v. State*, 310 Ga. App. 893, 899 (714 SE2d 424) (2011). "Because our review of the evidence . . . shows that it was sufficient to support [Overcash's] conviction[], he may be retried." Id. at 894. We do not address Overcash's remaining enumerations of error since they are not likely to recur on retrial.

*Judgment reversed. Doyle, P. J., and Boggs, J., concur.*