**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 11, 2013**

# In the Court of Appeals of Georgia

A13A1260. GREEN v. THE STATE.

MILLER, Judge.

Following a bench trial, Robert Anthony Green was convicted DUI-per se (OCGA § 40-6-391 (a) (5)) and impeding the flow of traffic (OCGA § 40-6-184 (a) (1)). Green appeals from the denial of his motion for new trial, contending that the evidence was insufficient to sustain his convictions; the State failed to prove that he knowingly, voluntarily, and intelligently waived his right to a jury trial; and his trial counsel was ineffective. For the following reasons, we reverse.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Fuller v. State*, 313 Ga. App. 759 (722 SE2d 453) (2012). So viewed, the evidence shows that at approximately 3:00 a.m. on March 9, 2011, police officers

noticed a vehicle with its flashers on and stopped in the lane of travel. The officers pulled in behind the vehicle and exited the patrol car to determine if anyone was inside the vehicle. As the officers approached the vehicle, they noticed that the vehicle was running, the vehicle had two flat tires, and Green was slumped over and asleep behind the wheel. The officers knocked on the driver's side window repeatedly, and they were only able to wake up Green after opening his door. In response to the officers' questions, Green explained that he was at restaurant the night before and had called for a tow truck once he noticed his tires were flat. Green admitted to drinking alcohol several hours earlier, and officers observed that his speech was slurred, he was unsteady on his feet, his eyes were red, and there was an odor of alcohol coming from Green. After failing a few of the field sobriety tests administered to him, Green was arrested for DUI and was read the required implied consent notice. Green gave a State-administered breath sample on the Intoxilyzer 5000 device, and the test results indicated that Green's blood alcohol concentration levels were 0.158 and 0.164.

1. Green argues that the evidence is insufficient to support his convictions because there was insufficient evidence demonstrating his actual physical control of the vehicle or that he was impeding the flow of traffic. After a thorough review, we

2

conclude that the evidence was sufficient to support the DUI conviction, but insufficient to sustain the conviction for impeding the flow of traffic.

(a) A person is guilty of DUI-per se if he drives a car while his blood alcohol concentration is 0.08 grams or more at any time within three hours after such driving. OCGA § 40-6-391 (a) (5).

> It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. It is likewise settled that to sustain a judgment of conviction, the evidence need not exclude every inference or hypothesis except the guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt.

(Citations, punctuation and emphasis omitted.) *Stephens v. State*, 271 Ga. App. 634, 635 (610 SE2d 613) (2005); see also *Dorris v. State*, 291 Ga. App. 716, 718 (662 SE2d 804) (2008).

Here, the evidence established that Green was found in the driver's seat of his vehicle that had its flashers on and was stopped in the lane of travel. Green was the sole occupant of the vehicle, he failed field sobriety tests, and had a blood-alcohol concentration that was double the legal limit of 0.08 grams. "Although the officer did not see the car moving, he observed circumstances from which [the trial court sitting as the trier of fact] could infer that [Green] was in actual physical control of the car

3

when it was moved to the location where the officer found it, and that [Green] was intoxicated while moving it there." (Citations and punctuation omitted.) *Stephens*, supra, 271 Ga. App. at 635.

Although Green argues that there was evidence in the record indicating that he did not drive the vehicle, the trial court considered the evidence presented by Green and obviously rejected it when it found that Green was guilty of DUI-per se. See *Jaffray v. State*, 306 Ga. App. 469, 471-472 (1) (702 SE2d 742) (2010). "As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld." (Punctuation and footnote omitted.) Id. Based upon the evidence presented, the trial court was authorized to find that Green was guilty beyond a reasonable doubt of the DUI-per se offense. See OCGA § 40-6-391 (a) (5); *Dorris*, supra, 291 Ga.App. at 718-719 (affirming the defendant's DUI-per se conviction based upon evidence as to the irregular manner in which defendant's truck was parked in the parking lot, defendant's presence in the driver's seat, the signs of intoxication, and the intoxilyzer test results showing a blood-alcohol concentration of 0.198 grams).

(b) The evidence presented was insufficient to convict Green for impeding the flow of traffic, in violation of OCGA § 40-6-184 (a) (1).

4

Under that statute, "[n]o person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation." OCGA § 40-6-184 (a) (1). The plain language of the statute establishes that one cannot impede the flow of traffic when there is no traffic to impede. See *Raulerson v. State*, 223 Ga. App. 556, 557 (2) (479 SE2d 386) (1996) (defendant could not have impeded the flow of traffic because there was no traffic on the road at the time in question); see also *Darwicki v. State*, 291 Ga. App. 239, 241 (3) (661 SE2d 859) (2008) (physical precedent only). In this case, there was no evidence that any vehicles attempted to pass Green while he was stopped.[1] Moreover, OCGA § 40-6-184 (a) (1) provides an exception when driving at a reduced speed is necessary "for safe operation." Given that it is undisputed that Green's vehicle had two flat tires, and that it was 3:00 a.m., we cannot say that it was unreasonable for him to be stopped in his lane of travel. Consequently, we must reverse this conviction.

2. Green also contends that the State failed to prove that he voluntarily, knowingly, and intelligently waived his right to a jury trial. We agree.

---

[1] A video recording of the stop reveals one vehicle passing Green's vehicle, but this occurred after the officers pulled in behind Green's vehicle. There was no evidence that vehicles were impeded by Green's vehicle prior to the officers' arrival.

5

A defendant's right to trial by a jury is a fundamental constitutional right that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive. *Watson v. State*, 274 Ga. 689, 691 (2) (558 SE2d 704) (2002); *Balbosa v. State*, 275 Ga. 574, 575 (1) (571 SE2d 368) (2002). "A defendant's consent to a trial without a jury need not be in any particular, ritualistic form; the trial court need only conduct an inquiry of the accused on the record so as to ensure that the waiver is knowing, voluntary and intelligent[.]" (Punctuation and footnote omitted.) *Ealey v. State*, 310 Ga. App. 893, 894 (714 SE2d 424) (2011); see also *Watson*, supra, 274 Ga. at 691 (2) (providing that the trial court should ask the defendant sufficient questions on the record to ensure that the defendant's waiver is knowing, voluntary, and intelligent).

When a defendant challenges his purported waiver of the right to a jury trial, the State bears the burden of showing that the waiver was made both knowingly and intelligently, either

> (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

6

(Citations and punctuation omitted.) *Allison v. State*, 288 Ga. App. 482, 485-486 (2) (654 SE2d 628) (2007). Such extrinsic evidence may include testimony by or an affidavit from trial counsel about his specific recollections; routine or standard practices; and evidence regarding the defendant's intelligence and cognitive ability. See id. at 486 (2); *Jones v. State*, 294 Ga. App. 169, 170 (1) (670 SE2d 104) (2008).

Here, the record does not contain a colloquy showing that the trial court asked Green sufficient questions on the record to ensure that his waiver of his right to a jury trial was knowing, voluntary, and intelligent. The record also contains no writing signed by Green demonstrating his waiver of his right. As a result, the State attempts to satisfy its burden of showing a valid waiver through the use of extrinsic evidence. Notably, the State refers to the fact that Green was represented by a very capable attorney and that Green made no objection to the bench trial. Green's failure to object to the bench trial shows, at most, only that such waiver was voluntary, but it does not establish that the waiver was knowing and intelligent. See *Jones*, supra, 294 Ga. App. at 170 (1); cf. *Balbosa*, supra, 275 Ga. at 575 (1) (trial counsel's waiver of right to a jury trial showed only that waiver was voluntary). Moreover, notwithstanding trial counsel's competence, the decision to waive the right to a jury trial rested with Green, not trial counsel. See *Allison*, supra, 288 Ga. App. at 489 (2) (b). The record is devoid

7

of any testimony from trial counsel indicating that Green understood that he had a right to a jury trial and made a conscious choice to waive that right. Cf. *Jones*, supra, 294 Ga. App. at 170 (1) (having discussions with trial counsel are, alone, insufficient to establish that defendant knowingly and intelligently waived right to jury trial).

The State also relies on the trial court's statement that at arraignments, it had a habit of ensuring that defendants understood they had a right to a jury trial. The trial court conceded, however, that it was unclear whether a formal arraignment took place in this case, and the record does not reveal that one occurred. Even if an arraignment took place, the trial court's statement was insufficient to establish a valid waiver because it offered no details of the colloquy habitually conducted at arraignments "to make certain that the defendant is proceeding with a bench trial freely, voluntarily, and intelligently." (Punctuation omitted.) *Allison*, supra, 288 Ga. App. at 490 (2) (b) (trial court's affidavit that in all criminal cases it ensured a defendant freely, voluntarily, and intelligently waived his right to a jury trial was insufficient because affidavit lacked specific details about the steps taken by trial court).

In sum, the State failed to meet its burden of proving that Green knowingly and intelligently waived his right to a jury trial. Accordingly, we must reverse his conviction for DUI-per se. Since our review of the evidence shows that it was

8

sufficient to Green's conviction for DUI-per se, he may legally be re-tried on that count. *Ealey v. State*, 310 Ga. App. 893, 899 (714 SE2d 424) (2011); *Allison*, supra, 288 Ga. App. at 490 (2) (b).

3. In light of our holdings in Divisions 1 and 2, we need not address Green's remaining enumeration of error.

*Judgment reversed. Barnes, P. J., and Ray, J., concur.*