**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 20, 2023**

# In the Court of Appeals of Georgia

A23A0600. BORROTO v. THE STATE.

PHIPPS, Senior Appellate Judge.

Following a bench trial, Herbert Borroto[1] was convicted of burglary in the first degree. On appeal, Borroto contends that the trial court erred in finding that he knowingly and intelligently waived his right to a jury trial. Because the trial court's finding is not clearly erroneous, we affirm.

"The constitutional right to a jury trial may be waived only if the State proves beyond a reasonable doubt that a defendant did so knowingly, voluntarily, and intelligently." *Agee v. State*, 311 Ga. 340, 343 (2) (857 SE2d 642) (2021). This

---

[1] Most documents in this case list the defendant as "Herbert" Borroto. However, documents submitted by Borroto's substituted counsel list the defendant as "Helbert" Borroto. For purposes of this appeal, we will simply refer to the defendant as Borroto.

burden can be met in one of two ways: "by either (1) showing on the record that the defendant was cognizant of the right being waived; or (2) supplementing the record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly, voluntarily, and intelligently made." Id. at 343-344 (2). This Court reviews a trial court's acceptance of a waiver of a right to a jury trial for clear error. Id. at 344 (2).

The record here demonstrates that Borroto made a knowing, voluntary, and intelligent waiver of his right to a jury trial. An August 8, 2016 transcript shows that prior to selecting a jury in the case, defense counsel told the court that Borroto wanted "a trial by a judge" and asked Borroto, "Am I correct on that?" Borroto responded, "Yes, sir." Defense counsel did not have a waiver of jury trial form and told the trial court, "This kind of came as a surprise to me, Judge." At this point, the trial court swore in Borroto and examined him. The trial court informed Borroto of the charge against him and the possible penalty, ensuring that Borroto understood both. The court also informed Borroto that a panel of 40 people was waiting for jury selection in the case. The following colloquy then occurred:

> COURT: And your lawyer tells me you're — you're waiving your right to a jury trial and you will seek a judge trial. Is that true?

BORROTO: Yes, sir.

COURT: You're comfortable with a judge trial and waiving your jury trial right?

BORROTO: Yes, sir.

COURT: Is that right?

BORROTO: Yes, sir.

COURT: If you had a jury trial, you would have the presumption of innocence in your favor until proven guilty beyond a reasonable doubt. You have that with a judge trial. You'd have the right to confront the witnesses against you, to subpoena witnesses to testify and offer other evidence, to remain silent and not incriminate yourself and to have a lawyer with you during trial. You'll have that at a jury trial if you want it. Are you waiving those rights?

BORROTO: Yes, sir.

COURT: Say it loud.

BORROTO: Yes, sir.

Thereafter, the trial court found that Borroto had waived his right to a jury trial and re-scheduled the case for a non-jury trial.

3

On August 16, 2016, Borroto came before the court for a bench trial. The court stated on the record without any objection by Borroto that Borroto had waived his right to a jury trial and requested a bench trial. The court then conducted the bench trial, found Borroto guilty of burglary in the first degree, and sentenced him to serve 20 years in prison.

Borroto argues on appeal that while the August 8, 2016 colloquy established that he voluntarily waived his right to a jury trial, it failed to establish that he did so knowingly and intelligently.[2] According to Borroto, the trial court merely recited rights Borroto would be waiving if pleading guilty and did not discuss the advantages or disadvantages of waiving a jury trial and having a judge decide guilt, such as "a bench trial severely limit[ing] appealable issues."

Although a defendant need not be informed by the trial court "of all the complexities of the jury process in order to waive the right to jury trial[,] . . . the record must affirmatively show that the defendant made the decision to waive his right to a jury trial, or at least that he agreed with the decision." *Merchant v. State*, 365 Ga. App. 42, 45 (2) (877 SE2d 361) (2022) (citations and punctuation omitted).

---

[2] Borroto does not argue on appeal that the evidence was insufficient to sustain his conviction, and we therefore express no opinion on that issue.

Here, the trial court, in denying Borroto's motion for a new trial, concluded that the record was sufficient to show that Borroto "knowingly, intelligently, and voluntarily waived his right to a trial by jury and said waiver was directly with the trial judge and in the presence of [and] with the full knowledge of his trial attorney[.]" Indeed, the trial court repeatedly asked Borroto, in his attorney's presence, whether he desired to waive his right to a jury trial. However, the trial court never asked Borroto if he understood the constitutional right he was waiving, never asked if Borroto had conferred with counsel regarding the waiver of his right to a jury trial, and never itself discussed with Borroto the advantages and disadvantages of waiving a jury trial; the court simply asked if Borroto was comfortable with a bench trial and waiving his right to a jury trial. Cf. *Dugar v. State*, 314 Ga. 376, 383 (2) (877 SE2d 213) (2022) (trial court cautioned defendant that the waiver of her right to a jury trial was a very important decision, emphasized the importance of conferring with counsel, and presided over a conference at which the parties discussed in detail defendant's desire to waive her right to a jury trial); *Butler v. State*, 313 Ga. 675, 681-683 (3) (872 SE2d 722) (2022) (trial court repeatedly inquired whether defendant had been informed about and understood his right to a jury trial and was choosing to waive it); *Agee*, 311 Ga. at 344 (2) (trial court confirmed that defendant had discussed with defense

5

counsel his election to proceed with a bench trial and the pros and cons of that action); *Watson v. State*, 274 Ga. 689, 690-691 (2) (558 SE2d 704) (2002) (defendant's statement in open court that he knew he had a right to a jury trial and that he wished to forgo that right, in addition to counsel's statement that he had discussed the matter with defendant, was sufficient to show that defendant "personally, knowingly, voluntarily, and intelligently waived his right to a trial by jury").

Nonetheless, pretermitting whether the trial court's colloquy with Borroto demonstrated that Borroto not only voluntarily but also knowingly and intelligently waived his right to a jury trial, the State, as discussed above, can meet its burden in that regard by supplementing the record with extrinsic evidence. *Agee*, 311 Ga. at 343-344 (2). This extrinsic evidence "may include testimony by defense counsel in the motion for new trial hearing about his specific recollections, routine, or standard practices" as well as "evidence regarding the defendant's intelligence and cognitive ability." *Oliver v. State*, 325 Ga. App. 649, 654 (3) (753 SE2d 468) (2014) (citation, punctuation, and emphasis omitted); accord *Seitman v. State*, 320 Ga. App. 646, 647-648 (740 SE2d 368) (2013). In this case, the State presented extrinsic evidence showing that Borroto's waiver was knowingly and intelligently made.

6

At the motion for new trial hearing, trial counsel, who had over 30 years of courtroom experience, testified that he discussed with Borroto the difference between a bench trial and a jury trial and that Borroto appeared to understand the difference. In addition, Borroto had completed 12 years of school. According to trial counsel, he personally did not think a bench trial was a good idea, given the strong evidence against Borroto, and discouraged him from going forward with any trial, much less a bench trial. Trial counsel admitted that he did not go "through all the mechanics" of such a decision, but he emphasized at the hearing that he "tried to talk [Borroto] out of . . . a bench trial." Ultimately, however, it was Borroto's decision to request a bench trial despite trial counsel's discussions. Trial counsel testified that Borroto never gave him a reason for his decision to proceed with a bench trial.

During the hearing on the motion for new trial, Borroto initially disputed that he ever discussed waiving his right to a jury trial with his trial counsel. He subsequently acknowledged, however, that counsel told him the difference between a jury trial and a bench trial, but he insisted that trial counsel never told him any of the advantages or disadvantages of waiving his right to a jury trial or the pros and

7

cons of a bench trial compared to a jury trial.[3] To the extent that Borroto and his trial counsel gave conflicting testimony at the hearing concerning Borroto's knowledge of his right to a jury trial, it was, of course, "the function of the trial court . . . to determine witness credibility and to resolve any conflicts in the testimony." *Chambers v. State*, 284 Ga. App. 400, 403-404 (2) (643 SE2d 871) (2007) (citation and punctuation omitted); accord *Himmel v. State*, 246 Ga. App. 845, 850 (2) (e) (542 SE2d 557) (2000).

Borroto cites a single case in support of his waiver argument: *Balbosa v. State*, 275 Ga. 574 (571 SE2d 368) (2002). In *Balbosa*, the Supreme Court of Georgia concluded that the State failed to carry its burden of showing that a defendant knowingly, intelligently, and voluntarily waived his right when "the State showed nothing more than a jury trial waiver by defense counsel in [the defendant's] presence." 275 Ga. at 575 (1). The Supreme Court stated that "[t]o ensure that [the defendant] waived his right to a jury trial voluntarily, knowingly and intelligently, the trial court should have conducted a colloquy with [the defendant] himself." Id. Here,

---

[3] Borroto does not enumerate as error the effectiveness of his trial counsel's assistance, and we therefore express no opinion on that issue. *Merchant*, 365 Ga. App. at 45-46 (2).

8

the record shows much more than simply an oral waiver by counsel in Borroto's presence. Accordingly, Borroto's reliance on *Balbosa* is misplaced.

The trial court in this case did not clearly err in finding that Borroto knowingly and intelligently waived his right to a jury trial given the extrinsic evidence in the form of trial counsel's testimony that (i) he discussed with Borroto the difference between a bench trial and a jury trial, and Borroto appeared to understand the difference, and (ii) he advised Borroto against a bench trial, but Borroto chose to proceed with one against his advice. See *Oliver*, 325 Ga. App. at 654-655 (3). We take this opportunity, however, to remind the trial court that conducting a more thorough colloquy — one that specifically and clearly identifies the rights a defendant would waive in a bench trial and ensures that the defendant is aware of these rights — would be the better practice. See *Agee*, 311 Ga. at 344-345 (2) (affirming the waiver of a right to a jury trial based on the trial court's clear and detailed colloquy); *Jackson v. State*, 257 Ga. App. 715, 717 (4) (572 SE2d 60) (2002) (holding that the defendant's signature on a waiver of jury trial form supported the trial court's finding that the defendant knowingly waived his right to a jury trial, but a "waiver in open court is preferred").

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur.*

9